IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY E. GLOVER,<br>    individually and on<br>behalf of others similarly<br>situated former and current<br>homeowners in Pennsylvania<br><br>        Plaintiffs,<br><br>    vs<br><br>WASHINGTON MUTUAL BANK, F.A.,<br>WASHINGTON MUTUAL HOME<br>MORTGAGE, MARK J. UDREN,<br>URDEN LAW OFFICES, P.C., and<br>WELLS FARGO HOME MORTGAGE,<br><br>        Defendants, | Civil Action No. 08-990 |

OPINION AND ORDER

I. A.  Procedural History

Presently before the court for disposition is a motion for a stay submitted by the FDIC, in its capacity as receiver for Washington Mutual Bank ("WMB").

On June 9, 2008, the plaintiff, Mary Glover ("Glover") filed a complaint against WMB and other defendants in the Court of Common Pleas of Allegheny County. As to WMB, the complaint alleged, *inter alia*, that the bank breached its contract with Glover by

1

failing to properly service her mortgage loan. The action was removed to this court on July 14, 2008.

On September 25, 2008, the Office of Thrift Supervision ("OTS") appointed the FDIC as Receiver for WMB, and on October 24, 2008, the FDIC was substituted for WMB as a defendant in this action. On that same date, the court granted the FDIC's motion to stay the proceedings for ninety days under section 1821(d) of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821(d)(12)(A)(ii). This section provides that, after its appointment, a receiver may request a ninety-day stay in any judicial action to which it is or becomes a party. If an appointed receiver requests a stay, "the court shall grant such stay as to all parties." 12 U.S.C. §1821 (d)(12)(B). This provision is intended to give the agency an opportunity after its appointment to become oriented with pending legislation. <u>Praxis Properties, Inc. v. Colonial Savings Bank</u>, 947 F.2d 49, 63 n.14 (3d Cir. 1991).

On January 22, 2009, the FDIC filed the present motion for a stay of the proceedings pending exhaustion of the agency's administrative claims process under 12 U.S.C. § 1821(d)(3) through (13). The FDIC asserts that all claimants against a failed institution are required to exhaust an administrative claims process as a prerequisite to judicial review of their lawsuit. Glover opposes the stay on three bases: 1) she is not obligated to pursue

2

her claim through the administrative procedure because the FDIC failed to satisfy its statutory notice requirements and because the claims process is inadequate; 2) FIRREA does not authorize the stay; and, 3) the FDIC does not have standing to request a stay on behalf of the other defendants.

B. Scope of FIRREA

FIRREA establishes a comprehensive scheme authorizing the FDIC to act as a receiver for failed institutions. In its capacity as a receiver, the FDIC "succeed[s] to all rights, titles, powers and privileges" of the institution. 12 U.S.C. §1821(d)(2)(A)(I). The statute also empowers the FDIC to " take over the assets . . . and conduct all business of the institution," and, "preserve and conserve the assets and property of such institution." 12 U.S.C. § 1821 (d)(2)(B)(i)-(iv). These statutory powers have been described as "quite broad, in keeping with the emergent objectives of the statute." Rosa v. Resolution Trust Corporation, 938 F.2d 383, 398 (3d Cir. 1991).

FIRREA also creates an administrative procedure for adjudicating claims asserted against an institution in receivership. 12 U.S.C. § 1821(d)(3)(B)(i) directs the receiver to provide prompt notice by publication to the failed institution's creditors informing them that they have ninety days from the date of published notice to present their claims against the institution. Subsection (d)(3)(C)(i) further requires the receiver to mail similar notice

at the time of publication to any creditor listed on the institution's books or within thirty days upon discovery of a claimant not appearing on the institution's books. 12 U.S.C. § 1821 (d)(3)(C)(ii). Once a claim has been presented, the FDIC has 180 days to notify the creditor of the determination of the claim. 12 U.S.C. § 1821(d)(5)(A). If the claim is denied or not acted upon within the allotted time, a claimant has sixty days to do one of three things: (1) seek administrative review of the claim; (2) file suit on the claim in the district court where the financial institution has its principal place of business or the District Court for the District of Columbia; or (3) continue a judicial action commenced prior to the appointment of a receiver. 12 U.S.C. § 1821(d)(6)(A).

In the instant matter, on October 1, 2008, the FDIC published notice in The Seattle Times, the Las Vegas Review-Journal/Las Vegas Sun Newspapers, and The Wall Street Journal notifying creditors that any claims against WMB must be submitted to the FDIC's administrative claims process by December 30, 2008. Pursuant to subsection 1821 (d)(3)(B)(ii), the notices were republished in those newspapers on October 31, 2008 and December 1, 2008.

The FDIC alleges that it attempted to satisfy the obligatory notice by mail to creditors listed on WMB's books by November 30, 2008. The FDIC acknowledges, however, that some of

4

those listed creditors may not have received mail notice until after November 30, 2008. In instances where the letter notice was not provided to a creditor thirty days before the claims bar date, the FDIC's policy is to afford creditors ninety days from the notice date of the letter to submit a claim through the administrative claims process. Decl. of David Swiss ¶ 5. (Document #27, Exhibit D). Notice was mailed to Glover on December 17, 2008, thus, the deadline for her to file an administrative claim is March 17, 2009.

C. <u>Exhaustion of Administrative Claims Process</u>

Congress has established an administrative claims process for resolving claims against failed financial institutions. 12 U.S.C. §§ 1821(d)(3) through (d)(13). Accordingly, FIRREA limits a claimant's access to judicial review as follows:

> (D) Limitation on Judicial Review
>
> Except as otherwise provided in this subsection, no court shall have jurisdiction over-
>
> > (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such

5

> receiver; or
>
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

12 U.S.C. §1821 (d)(13)(D).

In <u>Rosa v. RTC</u>, 938 F.2d at 392-93, the Court of Appeals for the Third Circuit held that district courts have subject matter jurisdiction over a FIRREA claim only after the claimant exhausts the statutory claim procedure. <u>See</u> <u>also</u> <u>FDIC v. Shain, Schaffer & Rafanello</u>, 944 F.2d 129, 132 (3d Cir. 1991) (courts have no jurisdiction over claims besides that specified in FIRREA).

### D. <u>Glover's Arguments</u>

#### 1. <u>Notice</u>

Glover is not challenging the mandatory nature of the administrative claims process generally, rather she asserts that the FDIC's failure to satisfy FIRREA's notice requirements relieves her of the obligation to adjudicate her claim through this process. Glover contends that as a creditor likely listed on WMB's books, under §1821(d)(3)(C)(i), she should have been mailed notice coincident with published notification. In the event she

6

was not identified as a creditor on WMB's books, Glover argues that under § 1821(d)(3)(C)(ii), she should have been mailed notice within thirty days of October 23, 2008, the date that the FDIC filed its motion to substitute itself for WMB as a defendant in this action. Because notice was not mailed until December 17, 2008, Glover urges that the FDIC did not comply with FIRREA's statutory notice requirements and she is thereby exempt from the statute's mandatory administrative exhaustion requirement.

There is no evidence currently before the court as to whether Glover is listed on WMB's books as a creditor, thus, the proposition that notice was defective under §1821(d)(3)(C)(i) will not be entertained. Glover's position that the FDIC should be charged with knowledge of her creditor status at the time it substituted itself for WMB as a party in this action is, however, a reasonable one. Thus, the issue is whether the notice mailed on December 17, 2008, beyond the thirty day period described in § 1821(d)(3)(C)(ii), relieves Glover from compliance with the statutory administrative claims process.

Although section 1821(d)(B)(3) describes FIRREA's notice requirement in imperative language, it does not impose any consequence if the agency fails to abide by its provisions. Intercontinental Travel Marketing v. FDIC, 45 F.3d 1278, 1284-85 (9th Cir. 1994). In concluding that the FDIC's admitted negligence in failing to fail notice to a creditor did not preclude the

7

agency from further action, the Court of Appeals for the Ninth Circuit found support from the United States Supreme Court decision in Brock v. Pierce County, 476 U.S. 253 (1986). In that case, the Supreme Court held that every failure of an agency to observe a procedural requisite does not nullify subsequent agency action, especially when important public rights are involved. Id. at 260.

The Court of Appeals for the Third Circuit has not spoken on whether untimely notice from the agency excuses a claimant from compliance with FIRREA's exhaustion requirement. Other courts of appeals, however, have held that the FDIC's failure to mail notice to known creditors does not exempt claimants from their exhaustion obligation. See e.g., Elmco Properties, Inc. v. Second National Federal Savings Association, 94 F.3d 914, 919 (4th Cir. 1996) (FIRREA's exhaustion requirement not waived even if RTC failed to mail claimants required notice of claims process and bar date); Meliezer v. Resolution Trust Company, 952 F.2d 879, 883 (5th Cir. 1992)(statutory time period not mandatory unless it both expressly requires agency to act within particular time period and imposes consequences for failure of compliance).

In Commonwealth of Pennsylvania, Department of Environmental Protection v. FDIC, No. 96-4578, 1997 WL 634495, at *5 (E.D.Pa. September 26, 1997), the district court reviewed the

8

decisions from other circuits concerning the notice issue and decided that those cases, in conjunction with the Third Circuit's holding in Althouse v. Resolution Trust Corporation, 969 F.2d 1544 (3d Cir. 1992,) that failure to timely file a claim with the FDIC prevents the claimant from obtaining review of the claim in district court, indicate that a district court's lack of jurisdiction due to a party's failure to file a timely claim is not altered because the party did not receive notice by mail. The fact that the claimant did not receive mailed notice "neither vests this Court with jurisdiction nor tolls the claims bar date." Id. at *6 (footnote omitted).

The above-cited authority contradicts Glover's position that the mailing of the notice beyond the publication date excuses her compliance with the FIRREA's mandatory exhaustion requirement. As these cases instruct that the FDIC's failure to mail any notice does not exempt claimants from the required administrative process, clearly, a tardy mailing cannot relieve claimants' obligation to initially pursue their claim before the agency.[1]

---

[1] In Wilson v. FDIC, 827 F. Supp. 120 (E.D.N.Y. 1993), the court did conclude that defective notice sent by the FDIC to an elderly pro se litigant excused noncompliance with the exhaustion requirement. Therein, the court found that the notice did not "adequately alert" the claimant as to the consequences for failure to file an administrative claim, particularly since a prior letter from the FDIC informed him that the court had lost jurisdiction and threatened to impose costs. Id. at 125.
Glover does not allege that the content of notice sent by the FDIC in this matter was inadequate.

9

## 2. Adequacy of Administrative Remedy

Glover next argues that the FDIC's internal policy regarding notice to creditors beyond the time constraints of §1821(d)(3)(C) and the accompanying extension of time to file claims afforded these creditors renders the administrative claims process inadequate because it does not impose any time constraints on the FDIC's authority to compel a litigant to pursue its administrative remedy. In this regard, Glover contends that the FDIC's mailing procedure runs afoul of FIRREA's notice requirements and raises concerns of unfettered agency discretion which the United States Supreme Court declared untenable in Coit Independent Joint Venture v. Federal Savings and Loan Insurance Corporation, 489 U.S. 561 (1989). In Coit, the Court determined that the FSLIC's administrative claims process was inadequate and that creditors were not required to exhaust their administrative remedies before bringing suit because the administrative procedure did not place a reasonable time limit on the FSLIC's consideration of claims. Id. at 579-87.

FIRREA's legislative history indicates that the statute was designed to overcome the problems attendant to overreaching agency authority identified in Coit. RTC v. W.W. Development & Management, Inc., 73 F.3d 1298, 1303 (3d Cir. 1996). In its report of FIRREA, Congress informed that:

> [FIRREA's] construct of administrative resolution and de novo judicial determination

10

> is responsive to the constitutional and statutory concerns with the FSLIC's current claims adjudication process as outlined by the Supreme Court in Coit . . . . The Committee believes it has provided a clear set of guidelines for claimants and for the FDIC with reasonable and specific time limits.

H.R. No. 101-54(I), at 418-19, 1989 U.S.C.C.A.N. 86. While it is apparent that Congress intended FIRREA to provide an adequate administrative adjudicative process for claims against failed institutions, it remains whether the FDIC's internal mailing policy for later-discovered creditors comports with the statute's goal.

It has already been determined that even total failure to comply with FIRREA's notice requirements does not necessarily void subsequent FDIC action. Accordingly, since Glover received mailed notice, albeit, not strictly within the time dictates of the statute, she is not able to demonstrate that the administrative claims process is inadequate to adjudicate her claim.[2] The notice informed Glover that the she must file her claim with the agency within sixty days from the date of the letter and, in turn, under 18 U.S.C. § 1821(d)(6), the FDIC must act on the claim within 180 days of its filing. Reasonable time limits have been imposed for disposition of the claim, therefore, concerns of the type of unrestricted agency action disapproved of by Coit are not

---

[2] Glover had actual notice of the FDIC's appointment as a receiver for WMB on October 23, 2008 when the agency filed its motion to be substituted for WMB as a party in the instant action.

11

implicated.

### 3. 180-Day Stay

Glover's third argument urges that 18 U.S.C. § 1821 (d)(3)-(8) and (13), describing the FDIC's authority to adjudicate claims though its administrative process, should not be interpreted as an implied stay provision. Glover further asserts that because her lawsuit was filed before the FDIC's appointment as a receiver, her participation in the administrative claims process is not obligatory.

FIRREA's provisions pertaining to the 180-day period for the FDIC to review a claim do not specifically provide for a stay during that period. Section 1821(d)(6) states only that, within 60 days after the earlier of either the end of the 180-day period following the filing of a claim or the date of the disallowance of that claim, a claimant may continue an action that was commenced before the appointment of a receiver. This is in marked contrast to section 1821(d)(12), which pointedly states that, during the 90-day period after appointment of receiver, a court shall grant a stay of any judicial action or proceedings upon request.

In Praxis Properties, the Third Circuit noted that FIRREA's statutory provisions relating to stays are "in tension" yet expressed no opinion on whether an 180-day administrative stay during the pendency of the agency proceedings is a proper inference

from the statute. 947 F.2d at 64 n.14.

District courts in this circuit that have ploughed through the muddy waters of FIRREA's stay provisions have determined that a stay is implied during the pendency of the administrative claims process. In Cohen v. RTC, 784 F.Supp. 197 (E.D. Pa. 1992), the Court concluded that FIRREA's legislative history, the language of 18 U.S.C. § 1821(d)(6)(A) granting claimants the right to continue a previously-commenced action after conclusion of the administrative process, and the factual similarity between the matter pending in the court and the claim presented to the agency indicate that a 180 day stay is a "proper inference from the statute." Id. at 202. Similarly, in Tuxedo Beach Club v. City Federal Savings Bank, 737 F. Supp. 18,19 (D.C.N.J. 1990), the Court, acknowledging that the statute does not expressly provide for a 180-day stay, nonetheless held that Congress intended this stay to be available because the reference in §1821(d)(6)(A) to the continuation of a pending action after the expiration of the period allowed for decision on an administrative claim contemplates a stay of the litigation.

In RTC v. Kolea, 866 F. Supp. 197 (E.D.Pa. 1994), the court examined cases from other circuits who have tackled the interplay between the ninety-day and 180-day stay provisions of FIRREA and concluded that, for the reasons expressed by the Court of Appeals for the First Circuit in Marquis v. FDIC, 965 F.2d 1148,

13

1155 (1st Cir. 1992)("FIRREA cannot be read to foreclose district courts from granting stays above and beyond 90-day automatic stay") and by the Court of Appeals for the Fourth Circuit in Brady Development Company, Inc v. RTC, 14 F.3d 998, 1004 (4th Cir. 1994)(twice referring to the §1821 (d)(5)(A)(i) 180-day stay as mandatory), that once an administrative claim is filed, FIRREA authorizes a 180-day stay. Kolea, 866 F.Supp at 203.

This court likewise concludes that FIRREA's stautory scheme establishes a statutory exhaustion requirement and that the statute authorizes a 180-day stay while the claim is adjudicated through the administrative process. First, 12 U.S.C. §1821(d)(13)(D)(i), providing that no court shall have jurisdiction over "any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver ...." divests courts of jurisdiction over certain actions against the FDIC. See Praxis Properties, 947 F.2d at 63 (claimant against failed thrift must exhaust FIRREA's administrative remedies before commencing a judicial action). Section 1821(d)(6)(A) then allows a claimant to file suit on such claim in a district court, or continue an already pending action in district court, upon expiration of the 180-day review process or denial of the claim by the FDIC. Thus, FIRREA appears to mandate a stay of proceedings on claims in which the FDIC is the defendant until the administrative

claims process is exhausted.

The legislative history also suggests that the 180-day stay is required:

> The agency's determination whether to allow a claim must be made within 180 days after the claim is timely filed, unless both parties agree to extend that time period.... Any suit ( or motion to renew a suit filed prior to appointment of the receiver ) must be brought by the claimant within 60 days after the denial of the claim. Resort to either the District Courts or administrative process is available only after the claimant has first presented its claim to the FDIC.
>
> * * *
>
> There shall be no judicial review of the administrative determination not to allow a claim. Rather, the claimant must file suit or continue a previously filed suit to establish a disallowed claim.

H.Rep. No. 101-54(I), at 214-15, as reprinted in 1989 U.S.C.C.A.N. 86(emphasis added).

On this authority, FIRREA cannot be read to contemplate concurrent judicial and administrative review and, instead instructs that a stay of 180 days is an appropriate reading of the statute.

Glover's accompanying argument that the mandatory exhaustion requirement does not apply in pre-receivership cases is contrary to the weight of authority. See International Travel, 45 F.3d at 1283-84 (statute neither creates separate scheme for cases pending at the time of the FDIC's appointment as receiver, nor allows claimants to pursue administrative and judicial remedies

simultaneously); Brady, 14 F.3d at 1005-06 (pre-receivership claim permanently denied when claimant failed to follow administrative procedures); Carney v. RTC, 19 F.3d 950, 955-56 (5th Cir. 10994)(participation in administrative claim review process mandatory, regardless of whether the claims were filed before or after receiver was appointed; Bueford v. RTC, 991 F.2d 481, 485 (8th Cir. 1993)(FIRREA is to be applied to pending actions); Marquis v. FDIC, 965 F.2d 1148, 1151 (1st Cir. 1992) (FIRREA makes participation in administrative claims review process mandatory for all parties asserting claims against failed institutions, regardless of whether lawsuits to enforce those claims were initiated prior to the appointment of receiver); RTC v. Mustang Partners, 946 F.2d 103, 106 (10th Cir.1991) (per curium) (FIRREA's administrative claims procedures must be complied with, even in cases where suit was filed prior to appointment of receiver).

While Glover correctly states that courts have held that FIRREA does not withdraw subject matter jurisdiction from lawsuits pending prior to the FDIC's appointment as a receiver, that is a different inquiry than whether a pre-receivership claim is subject to the administrative claims process. Indeed, the cases cited in support by Glover, Marquis, Carney, and Yang v. Home Loan Funding, Inc., No. 07-1454, 2009 WL 179689, at *4 (E.D.Cal. January 23,2009) (claims filed before the FDIC was appointed may not advance until administrative claims process has been finally exhausted), all hold

16

that the exhaustion requirement is mandatory as to pre-receivership claims.

> ### 4. Stay as to All Parties

Glover's final argument is that the stay, if granted, should apply only to the claims against the FDIC and that the litigation should continue as to the other parties. Such a result, however, is contrary to FIRREA's statutory scheme. See Carney, 19 F.3d at 955-56("allowing a claimant simultaneously to pursue administrative and judicial remedies would thwart Congress' purpose in enacting FIRREA"); Brady, 14 F.3d at 1003("Congress clearly envisioned that administrative and judicial review of claims could not take place simultaneously").

Other courts addressing the propriety of the stay as to all parties have held that the failure to extend the stay as to all parties would largely "defeat FIRREA's purpose of of allowing the agency to evaluate claims in a 'streamlined administrative procedure.'" Gumowitz v. First Federal Savings and Loan Association of Roanoke, No. 90-8083, 1991 WL 84630, at *2 (S.D.N.Y. May 17, 1991)(citation omitted); See also International Fidelity Insurance Company v. Yorkville Federal Savings and Loan Association, No. 90-3767, 1990 WL 165720, at *2 (S.D.N.Y. October 19, 1990) (a stay of the third-party action serves FIRREA's purpose of providing "breathing room" designed to allow RTC to concentrate on fulfilling

its role as receiver).

The court concludes that a stay of the third-party action is contemplated by FIRREA and will serve the interests of judicial economy. Judicial resources would be ill-spent if Glover could continue now in the litigation against every defendant except the FDIC.

II. Conclusion

For the reasons stated, the FDIC's Motion To Stay Proceedings Pending Exhaustion of Claims Process (Docket No. 26) will be granted, and an appropriate Order will be entered.

.