IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY E. GLOVER, )
)
  individually and on behalf )
  of other similarly situated )
  former and current )
  homeowners in Pennsylvania, )
)
        Plaintiffs, )
) Civil Action No. 08-990
      v. )
)
MARK J. UDREN, UDREN LAW )
OFFICES, P.C., WELLS FARGO )
HOME MORTGAGE, GOLDMAN SACHS )
MORTGAGE COMPANY )
)
        Defendants. )

## REPORT AND RECOMMENDATION

I. Recommendation

      Presently before the Court for disposition is Plaintiff's, Mary Glover ("Glover"), motion to certify two questions to the Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1292(b). It is respectfully recommended that the motion for certification (Doc. # 203) be denied.

II. Report

      28 U.S.C. § 1292(b) sets forth the standard for granting an interlocutory appeal:

> When a district judge, in making in a
> civil action an order not otherwise

1

> appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Before a non-final order is certified for interlocutory appeal to the courts of appeals, the district court must determine whether: 1) the order involves a controlling question of law; 2) a substantial ground for difference of opinion exists regarding the correctness of the decision; and 3) an immediate appeal may materially advance the ultimate termination of the litigation. Alexander v. Washington Mutual, Inc., Civil Action No. 07-4426, 2008 WL 3285845, at * 2, (E.D. Pa. August 4, 2008). Section 1292(b) should be "sparingly" applied, see Milbert v. Bison Laboratories, Inc., 260 F.2d 431, 433 (3d Cir. 1958), and the decision to grant certification is within the court's discretion, even if all three criteria are met. Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976); Knipe v. SmithKline Beecham, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008).

The first question for which Glover seeks certification is whether she has standing to bring an Unfair Trade Practice and Consumer Protection Law "(UTPCPL") claim against the debt collector/servicer of her mortgage, Wells Fargo Home Mortgage. Glover claims that that this Court has interpreted the UTPCPL as

2

requiring that a plaintiff must plead facts demonstrating strict privity with the defendant to state a viable UTPCPL claim.

Glover has misread the Court's conclusion on the issue of UTPCPL standing as the privity requirement was never specifically addressed. The Court initially observed that Glover had standing to pursue a UTPCPL claim against Wells Fargo because the two parties entered into a contractual relationship when they agreed to a loan modification. October 21, 2010 Report and Recommendation, p. 22 (Doc. # 166). The Court then recommended that, because Glover had sufficiently alleged that that she relied upon Wells Fargo's purported deceptive conduct when she made payments in accordance with Wells Fargo's calculations of amounts she owed, that the motion to dismiss be denied as regards to a subsection 201-2(xxi)of the UTPCPL claim. Id. at 23-24. This recommended disposition was not limited to payments made pursuant to the loan modification agreement and, as such, implicitly recognized that the statute does not require strict privity. Thus, for the reason that the order in question did not conclude that technical privity was required to bring a UTPCPL claim, there is no need to further discuss certification of this question to the Court of Appeals.

Glover also seeks to certify the question of the meaning of the term "purchase money mortgage" under the Fair Credit Extension Uniformity Act ("FCEUA"). The FCEUA

3

establishes what constitutes unfair or deceptive acts with regard to the collection of debts, but excludes purchase money mortgages in its definition of debt. 73 P.S. § 2270.3. The Court first noted that Glover's mortgage agreement expressly declared that the document was a purchase money mortgage. October 21, 2010 Report and Recommendation, p. 14 (Doc. #166). Then, utilizing principles of statutory construction, the Court looked to the meaning of purchase money mortgage under the Pennsylvania Lien Priority Law, 42 Pa.C.S. § 8141(1)(ii). This statute defines purchase money mortgage as one taken by a mortgagee other than a seller to secure repayment of a loan to purchase the property. The Court posited that the term would be similarly construed under the FCEUA.

Glover asserts that the Court's definition of purchase money mortgage is overbroad and that the term must be defined in accordance with its common law meaning, i.e., a mortgage that results when the seller of the property accepts a mortgage from the property buyer as part of the purchase price. Glover urges this Court's expansive definition of the term would negate the FCEUA's ability to regulate debt collection practices concerning real property and thus presents a controlling question of law necessitating certification.

A controlling question of law is one in which either (1) an incorrect disposition would constitute reversible error if

4

presented on final appeal, or, (2) the question is "serious to the conduct of the litigation either practically or legally." In re Chocolate Confectionary Antitrust Litigation, 607 F.Supp.2d 701, 705 (M.D.Pa. 2009) (quoting Katz v. Carte Blanche Corporation, 496 F.2d 747, 755 (3d Cir. 1974)). "When determining whether an issue presents a controlling question of law, the emphasis is on whether a different resolution of the issue would eliminate the need for trial." Alexander v. Washington Mutual, 2008 WL 3285845, at *3.

In the present matter, if this Court's meaning of purchase money mortgage is adjudicated as incorrect, it might lead to reversal on appeal as its definition of the term was the cause of its dismissal of the FCEUA count against Wells Fargo. However, given the numerous allegations and the three different defendants in this lawsuit, a different resolution of this matter would not eliminate the need for a trial. Therefore, it cannot be concluded that the issue involves a controlling question of law.

As regards the remaining two factors warranting certification, it cannot be concluded either that there is a substantial difference of opinion regarding the purchase money mortgage exclusion of the FCEUA, or that that lawsuit can be materially advanced by an interlocutory appeal.

First, the Court is not aware of, nor does Glover

identify, any authority that ascribes a different meaning to the term purchase money mortgage under the FCEUA. Second, given the number of issues and defendants in this lawsuit, there is no reasonable expectation that certification of this discrete question would avoid protracted and expensive litigation.

III. Conclusion

For the reason stated, it is respectfully recommended that the Plaintiff's motion for certification (Doc. # 203) be denied.

Within the time limits set forth in the attached notice of electronic filing, any party may serve and file written objections to the Report and Recommendation Any party opposing the objections shall have fourteen (14) days from the date of service of the objections to respond thereto. Failure to file timely objections may constitute waiver of any appellate rights.

Respectfully submitted,
s/Robert C. Mitchell
Robert C. Mitchell
United States Magistrate Judge

Entered: April 4, 2011