IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


MARY E. GLOVER,                    )
                                   )
individually and on behalf         )
of other similarly situated        )
former and current                 )
homeowners in Pennsylvania,        )
                                   )
            Plaintiffs,            )
                                   )   Civil Action No. 08-990
            v.                     )
                                   )
MARK J. UDREN, UDREN LAW           )
OFFICES, P.C., WELLS FARGO         )
HOME MORTGAGE, GOLDMAN SACHS       )
MORTGAGE COMPANY                   )
                                   )
            Defendants.            )


MEMORANDUM OPINION

Mitchell, J.

        Before the Court is Plaintiff Mary Glover's ("Glover")
motion to amend the second amended complaint (Doc. No. 224). For
the reasons that follow, the motion will be denied.

        Under Fed. R. Civ. P. 15(a) "[a] party may amend its
pleading once as a matter of course . . . .  In all other cases,
a party may amend its pleading only with the opposing party's
written consent or the court's leave.  The court should freely
give leave when the justice so requires."  Whether to grant or
deny the motion is within the court's discretion.  Foman v.
Davis, 371 U.S. 178, 182, (1962).

Glover requests leave to amend: 1) to plead new contractual theories against Defendant Wells Fargo Home Mortgage ("Wells Fargo"); and, 2) to assert claims of unjust enrichment against Defendant Goldman Sachs Mortgage Company ("Goldman Sachs"). Glover asserts that amendment is necessary to reflect the court's interpretation of the mortgage-related documents that are the subject of this lawsuit.

A court may deny a motion for leave to amend if "(1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." Fraser v. Nationwide Mutual Insurance Company, 352 F.3d 107, 116 (3d Cir. 2004). Undue delay occurs "when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." Bjorgung v. Whitetail Resort, LP, 550 F.3d 263, 266 (3d Cir. 2008). In deciding questions of undue delay, the court balances the movant's reasons for not amending sooner against the burden of delay on the court. Id.

Glover's reasons for the delay in amending are unpersuasive and would impose an already burgeoning burden on the court. First, when plaintiff filed her second amended complaint, two years after the original complaint was filed, she was aware of the various relationships among the parties, contractual and otherwise, and had access to the documents

evidencing those relationships.  There are no new facts that demonstrate that the proposed alternative breach of contract claims against Wells Fargo and/or the unjust enrichment claim against Glodman Sachs were not previously viable and could not have been earlier pled.  Plaintiffs "should not be permitted a do-over to assert new legal theories and permutations of its prior claims that it could have presented earlier." <u>Goldfish Shipping, S.A. v. HSH Nordbank AG</u>, 623 F.Supp 2d. 635, 641 (E.D. Pa. 2009).

Allowing amendment would also place an unwarranted burden on the court.  This matter has been pending since July, 2008, and the docket reflects well over 200 entries.  Plaintiff has filed four complaints, and indeed, was ordered by the Court to certify that the second amended complaint was the final complaint (Doc. No. 146)[1].  Four motions to dismiss were fully briefed and decided and numerous extensions to file pleadings have been granted.

Therefore, after careful consideration, the Court will deny Glover's motion to amend.  Amendment, at this stage of the litigation, would exact a disservice to the interests of justice in the disposition of the case and would cause undue delay.  The Court also considers that amendment would unfairly prejudice the defendants in this action.  An appropriate Order follows.

---

[1]     Glover's response to this Order was less than compliant.