IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY E. GLOVER,                          )
                                         )
  individually and on behalf             )
  of other similarly situated            )
  former and current                     )
  homeowners in Pennsylvania,            )
                                         )
              Plaintiffs,                )
                                         )   Civil Action No. 08-990
        v.                               )
                                         )
MARK J. UDREN, UDREN LAW                 )
OFFICES, P.C., WELLS FARGO               )
HOME MORTGAGE, GOLDMAN SACHS             )
MORTGAGE COMPANY                         )
                                         )
              Defendants.                )

REPORT AND RECOMMENDATION

I. Recommendation

Presently before the Court for disposition is Plaintiff's, Mary Glover's ("Glover"), motion to certify three questions to the Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1292(b). It is respectfully recommended that the motion for certification (Doc. # 226) be denied.

II. Report

28 U.S.C. § 1292(b) sets forth the standard for granting an interlocutory appeal:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Before a non-final order is certified for interlocutory appeal to the courts of appeals, the district court must determine whether: 1) the order involves a controlling question of law; 2) a substantial ground for difference of opinion exists regarding the correctness of the decision; and 3) an immediate appeal may materially advance the ultimate termination of the litigation. Alexander v. Washington Mutual, Inc., Civil Action No. 07-4426, 2008 WL 3285845, at * 2, (E.D. Pa. August 4, 2008). Section 1292(b) should be "sparingly" applied, see Milbert v. Bison Laboratories, Inc., 260 F.2d 431, 433 (3d Cir. 1958), and the decision to grant certification is within the court's discretion, even if all three criteria are met. Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976); Knipe v. SmithKline Beecham, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008).

The first question that Glover requests to have certified for interlocutory review is:

> 1. Whether the assignor of a Note and corresponding Mortgage retains certain contingent rights under the assigned

> contracts, but does not retain legal authority to ultimately control the exercise of these rights, do the contractual obligations associated with these rights remain with the assignor, or do the contractual obligations pass to the only party with the full legal authority to ensure fulfillment of the obligation; the assignee?

Pl.'s Br. at 2. This question contains the following sub-question:

> [1a.] Where a mortgage specifies that all successors and assigns of both borrower and lender are bound by all the initial covenants therein . . ., is it possible for the mortgagee to assign the mortgage servicing rights in such a way that the lender's assignee acquires all rights under the note and/or mortgage, but none of the obligations to the borrower?

Id. at 2-3, n.2.

The two other questions are:

> 2. If contractual obligations do remain with the assignor/servicer, can the note holder still avoid all contractual obligations to the homeowner with respect to servicing activities even where these servicing activities result in increased or misallocated charges that are added to the Noteholder's alleged unpaid principal balance?
>
> 3. Alternatively, if the homeowner has no cause of action in contract against the Noteholder and mortgagee, when a servicer subsequent to the mortgage originator overcharges or misapplies the homeowner's monthly payments in contravention of the terms of the mortgage, what entity, if any, can the borrower sue for the breach?

Id. at 3.

A controlling question of law is one in which either (1) an incorrect disposition would constitute reversible error if presented on final appeal, or, (2) the question is "serious to the conduct of the litigation either practically or legally." In re Chocolate Confectionary Antitrust Litigation, 607 F.Supp.2d 701, 705 (M.D.Pa. 2009) (quoting Katz v. Carte Blanche Corporation, 496 F.2d 747, 755 (3d Cir. 1974)). "When determining whether an issue presents a controlling question of law, the emphasis is on whether a different resolution of the issue would eliminate the need for trial." Alexander, 2008 WL 3285845, at *3.

The questions that Glover seeks to certify for interlocutory review implicate this Court's decisions interpreting the various contractual relationships, if any, among Glover and the financial institutions, Washington Mutual Bank, Wells Fargo Home Mortgage, and Goldman Sachs Mortgage Company, involved with the ownership and servicing of the note and mortgage on her property. Glover urges that the current posture of the case precludes her from pursuing breach of contract actions against the financial institutions, in particular, for the time period before Wells Fargo Home Mortgage assumed the mortgage servicing duties from Washington Mutual Bank on approximately December 1, 2006.

"`Certification to appeal [an] interlocutory Order is

inappropriate when the underlying order involve[s] mixed questions of law and fact because Section 1292(b) was not designed to secure appellate review of factual matters or of the application of the acknowledged law to the facts of a particular case, matters which are within the sound discretion of the trail court.'" Krishanthi v. Rajaratnam, Civil Action No. 09-CV-05395, 2011 WL 1885707, at *3, (D.N.J. May 18, 2011)(quoting In re Schering-Plough Corporation, Civil Action No. 08-CV-397, 2010WL 2546054, at *4 (D.N.J. June 21, 2010).

The Court's rulings on the contractual liabilities here were based upon an analysis of the documents detailing the various relationships among the parties and consideration of established precepts of contract law. Glover's contention that the Court has erred in its conclusions regarding the parties' contractual responsibilities involves the interplay of facts and law, a determination within the discretion of the Court. Therefore, Glover has failed to demonstrate that the Court's rulings concern a controlling question of law.

It should next be determined if a substantial ground for difference of opinion exists regarding the correctness of the decisions. While a party's disagreement with the Court's rulings is insufficient to establish a substantial ground for difference of opinion, this required element for Section 1292(b)certification can be satisfied if the movant can show

that there is a "genuine doubt as to the correct legal standard" to be applied. Kapossy v. McGraw-Hill, Inc., 942 F.Supp. 996, 1001 (D.N.J. 1996). To establish the obligatory doubt, there must be an absence of controlling law on the issue or "conflicting and contradictory opinions." New Jersey Regional Council of Carpenters v. D.R. Horton, Inc., Civil Action No. 08-1731, 2011 WL 1322204, at *2 (D.N.J. March 31, 2011) (citing Knipe v. Smithkline Beecham, 583 F.Supp.2d at 600; see also Rhoades v. Young Women's Christian Association of Greater Pittsburgh, Civil Action No. 09-1548, 2011 WL 240149, at *2 (W.D.Pa. January 24, 2011)(absence of controlling law on particular issue can constitute substantial grounds).

Glover acknowledges that, ordinarily, the question of what party owes her contractual obligations is not complicated. She contends, however, that the issue's complexity is rooted in the current complexion of the financial services industry and how it impacts upon the relationships among the financial institutions themselves and between Glover and the companies.

Even accepting Glover's premise that the intricacies of the financial service industry present a unique challenge, it remains that this matter involves applying the facts of the parties' relationships to maxims of contract law. The questions, therefore, do not concern matters where there is either an absence of controlling law or conflicting and contradictory

opinions. Thus, Glover's assertion that there is substantial ground for difference of opinion is actually an expression of a disagreement with the court's rulings and does not meet the standard for interlocutory review. See Katz v. Live Nation, Inc., Civil Action No. 09-3740, 2010 WL 3522792, at *3 (D.N.J. September 2, 2010) (moving party's mere disagreement with court's decision is not substantial ground for difference of opinion for Section 1292(b) purposes).

Finally, Glover claims that submitting the three proposed questions for the appeals court's review would result in avoidance of wasted trial time and litigation expense. While Glover's argument in this respect could likely apply to any garden variety litigation, because she has failed to demonstrate that there is a controlling issue of law or a substantial ground for difference of opinion, and all three requirements must be met to certify the questions for appeal, this remaining element need not be addressed.

III. Conclusion

For the reason stated, it is respectfully recommended that the Plaintiff's motion for certification (Doc. # 226) be denied.

Within the time limits set forth in the attached notice of electronic filing, any party may serve and file written objections to the Report and Recommendation  Any party

opposing the objections shall have fourteen (14) days from the date of service of the objections to respond thereto. Failure to file timely objections may constitute waiver of any appellate rights.

                                        Respectfully submitted,
                                        <u>s/Robert C. Mitchell</u>
                                        Robert C. Mitchell
                                        United States Magistrate Judge

Entered: June 30, 2011