IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY E. GLOVER, )
)
individually and on behalf )
of other similarly situated )
former and current )
homeowners in Pennsylvania, )
)
Plaintiffs, )
) Civil Action No. 08-990
v. )
)
MARK J. UDREN, UDREN LAW )
OFFICES, P.C., WELLS FARGO )
HOME MORTGAGE, GOLDMAN SACHS )
MORTGAGE COMPANY )
)
Defendants. )

ORDER

Much of this case, now over three years old, remains in the discovery phase. On September 8, 2011, the Magistrate Judge held an in-chambers conference in an effort to resolve the voluminous contested discovery motions. At the outset of the conference, the Magistrate Judge informed the parties[1] that he would consider appointing a special master if the parties persisted in inundating the court with discovery motions. At the conclusion of the conference, the Magistrate Judge entered

---

[1] Defendants Udren Law Offices, P.C. and Mark Udren were not noticed to attend this conference since the case between these defendants and the plaintiff has been certified for appeal under Fed. R. Civ. P. 54(b) (Doc. ## 268, 270).

1

fifteen (15) orders on the then-outstanding discovery motions.

Despite the Magistrate Judge's admonition, on October 6, 2011, plaintiff filed eight (8) discovery-related motions (Doc. ## 350-58), and, on October 11, 2011, defendant Wells Fargo filed two motions to compel production of documents (Doc. ## 360, 362). True to his word, on October 12, 2011, the Magistrate Judge ordered the parties to confer to select a special master to handle the discovery matters, costs to be borne 50% by plaintiff and 50% by defendants (Doc. # 364).

On October 18, 2011, the parties agreed to select Mark A. Willard, Esq. as special master (Doc. # 370). On that same date, the Magistrate Judge ordered the appointment of Mr. Willard as special master to resolve the discovery motions outstanding as of that date, including certain of those related to the Udren defendants (Doc. # 373).[2]

On October 19, 2011, plaintiff filed objections to the order referring the case to the Special Master (Doc. ## 375 and 376). The following day, the Magistrate Judge overruled the plaintiff's objection concerning the allocation of the cost associated with the appointment of the special master and the authority of the special master to enforce previously litigated

---

[2] In the October 18, 2011 order, the Magistrate Judge inadvertently referred a non-discovery motion (Doc. # 369) to the special master. After objection by the plaintiff, the Magistrate Judge withdrew the referral of this motion. (Doc. # 381).

2

discovery orders and sustained the objection concerning the inadvertent referral of Motion # 369, see n. 2, supra (Doc. # 381).

On October 21, 2011, the plaintiff filed objections (Doc. # 384) to the Magistrate Judge's Orders dated October 12, 2011 (Doc. # 364) (Order Directing Parties to Confer to Select a Special Master), October 18, 2011 (Doc. # 373) (Order Appointing a Special Master), and October 20, 2011 (Doc. # 381) (Order Overruling and Sustaining Plaintiff's Objections). On October 28 and November 1, 2011 plaintiff filed additional objections to the referral order (Doc. ## 390, 398). The objections can be summarized as follows: 1) the order appointing the special master did not comport with Fed. R. Civ. P. 53; 2) the Magistrate Judge did not have the authority to rule on plaintiff's objections under Fed. R. Civ. P. 72(a); 3) the Magistrate Judge improperly referred motions involving the Udren defendants to the special master; 4) the Magistrate Judge improperly referred motions that had already been adjudicated, and, 5) given the disparity in the financial resources of the parties, the Magistrate Judge did not consider the fairness of imposing 50 % of the expenses of the appointment equally on the plaintiff. Plaintiff also requests that the hearing for class certification, scheduled for November 14, 2011, should be postponed.

Order Appointing Special Master

As it relates to this matter, Rule 53 reads:

Rule 53. Masters

(a) Appointment.

   (1) Scope. Unless a statute provides otherwise, a court may appoint a master only to:

      * * *

   (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

      * * *

   (3) Possible Expense or Delay. In appointing a master, the court must consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay.

(b) Order Appointing a Master.

   (1) Notice. Before appointing a master, the court must give the parties notice and an opportunity to be heard. Any party may suggest candidates for appointment.

   (2) Contents. The appointing order must direct the master to proceed with all reasonable diligence and must state:

   (A) the master's duties, including any investigation or enforcement duties, and any limits on the master's authority under Rule 53(c);

   (B) the circumstances, if any, in which the master may communicate ex parte with the court or a party;

(C) the nature of the materials to be preserved and filed as the record of the master's activities;

(D) the time limits, method of filing the record, other procedures, and standards for reviewing the master's orders, findings, and recommendations; and

(E) the basis, terms, and procedure for fixing the master's compensation under Rule 53(g).

(3) Issuing. The court may issue the order only after:

(A) the master files an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455; and

(B) if a ground is disclosed, the parties, with the court's approval, waive the disqualification.

Fed. R Civ. P. 53.

Plaintiff contends that the referral order entered here is substantively and procedurally deficient. I have reviewed the objections and conclude as follows:

First, the Magistrate Judge had the authority to appoint a special master, pre-advised the parties that such an appointment would occur if they continued to saturate the docket with discovery motions, and afforded the parties opportunity to confer and select a master of their choosing.

Second, although the referral order substantially complies with Rule 53, it should be amended to include the more detailed requirements set forth in Rule 53(b).

5

Third, as regards the referral of the discovery motions involving the Udren defendants, the objections are overruled. Although these defendants are on a different track than defendants Wells Fargo and Goldman Sachs, plaintiff has sought discovery from the Udren defendants relative to its motion for class certification. The special master was appointed for the purpose of deciding these discovery motions. Therefore, the referral of the Udren-related motions was appropriate.

Fourth, plaintiff argues that the Magistrate Judge erred when it referred motions to the special master that he had already decided. I first observe that only two of the ten plaintiff's motions referred to the special master request that a prior court order be enforced. Those two motions (Doc. ## 354 and 355) are inextricably intertwined with the other outstanding motions and, therefore, are properly within the province of the special master.

Finally, the plaintiff complains that, given the disparity in the financial resources of the parties, the Magistrate Judge did not consider the fairness in imposing 50% of the expenses of the special master appointment on the plaintiff. I conclude, to the contrary, that the Magistrate Judge's appointment of a special master and the apportionment of the related costs indicates a thoughtful consideration of the equities, balanced against the need to protect against

unreasonable expense or delay. I also note that Rule 53(g) permits a court to consider the extent to which any party is more responsible than the other party for the reference to the master when determining allocation of cost of the referral.

Order Overruling and Sustaining Plaintiff's Objections (Doc. # 381)

Fed. R. Civ. P. 72(a) governs magistrate judges' disposition of pretrial orders and directs that:

> Rule 72. Magistrate Judges: Pretrial Order
>
> (a) Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).

According to this Rule, the Magistrate Judge did not have authority to adjudicate plaintiff's objections (Doc. ## 375 and 376) and the portions of the October 20, 2011 Order Overruling and Sustaining Plaintiff's Objections (Doc. # 381), should be vacated. I have, however, independently considered the

plaintiff's objections and concur with the Magistrate Judge that the objection filed at Doc. # 375 should be overruled and objection filed at Doc. # 376 should be sustained.

For these reasons,

IT IS HEREBY ORDERED that the Order Overruling and Sustaining Plaintiff's Objections (Doc. # 381) is VACATED.

IT IS FURTHER ORDERED the objection filed at Doc. # 375 is OVERRULED and objection filed at Doc. # 376 is SUSTAINED.

IT IS FURTHER ORDERED that the objection (Doc. # 384) to the Order Directing Parties to Confer to Select a Special Master (Doc. # 364), is OVERRULED and objection (Doc. # 384) to the Order Appointing a Special Master (Doc. # 373) is OVERRULED and part and SUSTAINED in part.

Finally, Plaintiff's request that the class certification hearing be postponed is left to the discretion of the Magistrate Judge.

*[signature]*

United States District Judge