IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


MARY E. GLOVER, )
 )
 individually and on behalf )
 of other similarly situated )
 former and current )
 homeowners in Pennsylvania, )
 )
 Plaintiffs, )
 ) Civil Action No. 08-990
 v. )
 )
MARK J. UDREN, UDREN LAW )
OFFICES, P.C., WELLS FARGO )
HOME MORTGAGE, GOLDMAN SACHS )
MORTGAGE COMPANY )
 )
 Defendants. )


REPORT AND RECOMMENDATION

I.  Recommendation

        Presently before the Court for disposition is
Plaintiff's, Mary Glover's ("Glover"), motion for 28 U.S.C. §
1292(b) certification to the Court of Appeals for the Third
Circuit.  It is respectfully recommended that the motion for
certification (Doc. # 428) be denied.

II. Report

        A.  Factual and Procedural Background

        Three and one-half years into litigation, the case
remains in the discovery phase.  On September 8, 2011, this

1

Court held an in-chambers conference in an effort to resolve the voluminous contested discovery motions. At the outset of the conference, this Court informed the parties that we would appoint a special master if the parties persisted in inundating the Court with discovery motions.[1] The tone of the attorneys participating in the conference was not collegial. At the conclusion of the conference, fifteen (15) orders on the then-outstanding discovery motions were entered.

Despite this Court's admonition, on October 6, 2011, plaintiff filed eight (8) discovery-related motions (Doc. ## 350-57), and, on October 11, 2011, defendant Wells Fargo filed two motions to compel production of documents (Doc. ## 360, 362). In response to the latest onslaught of motions, on October 12, 2011, this Court ordered the parties to confer to select a special master to handle the discovery matters, costs to be borne 50% by plaintiff and 50% by defendants (Doc. # 364). On October 18, 2011, the parties agreed to select Mark A. Willard, Esq. as special master (Doc. # 370). On that same date, this Court ordered the appointment of Mr. Willard as

---

[1] While the parties agree that the Court's admonition reflected its view that plaintiff's discovery motions were baseless, the Court does not endorse this interpretation. Rather, the Court's comment regarding the possible referral of the discovery motions to a special master evolved from its frustration with both parties' inability and/or unwillingness to courteously resolve the discovery disputes.

special master to resolve the discovery motions outstanding as of that date, including certain of those related to the Udren defendants (Doc. # 373).[2]

On October 19, 2011, plaintiff filed objections to the Order Referring the Case to the Special Master (Doc. ## 375 and 376). In her objections, plaintiff informed that she did not oppose the appointment of the special master if the appointment complied with Rule 53 and if the associated costs were fairly allocated between the parties. The following day, this Court overruled the plaintiff's objection concerning the apportionment of the special master's fees and the authority of the special master to enforce previously litigated discovery orders and sustained the objection concerning the inadvertent referral of Motion # 369, see n. 2, <u>supra</u> (Doc. # 381).

On October 21, 2011, the plaintiff filed additional objections (Doc. # 384) to this Court's Orders dated October 12, 2011 (Doc. # 364) (Order Directing Parties to Confer to Select a Special Master), October 18, 2011 (Doc. # 373) (Order Appointing a Special Master), and October 20, 2011 (Doc. # 381) (Order Overruling and Sustaining Plaintiff's Objections). On October

---

[2] In the October 18, 2011 order, this Court inadvertently referred a non-discovery motion (Doc. # 369) to the special master. After objection by the plaintiff, this Court withdrew the referral of this motion. (Doc. # 381).

3

28, 2011 and November 1, 2011 plaintiff filed additional
objections to the referral order (Doc. ## 390, 398).

On November 9, 2011, the District Judge ruled on
plaintiff's objections as follows: 1) the Magistrate Judge had
the authority to appoint the special master; 2) the Magistrate
Judge should amend the appointment order; 3) it was appropriate
to refer the Udren-related discovery motions to the special
master; 4) properly referred motions requesting the court to
enforce prior orders because those motions were intertwined with
the outstanding motions; 5) the allocation of the costs of the
special master was correct; 6) the magistrate judge erred when
he adjudicated certain of plaintiff's objections; and 7)
independently considered and overruled those objections (Doc.
#410).

Also on November 9, 2011, this Court entered an
amended order appointing Mark Willard, Esq. as Special Master
for discovery matters. In addition to setting timetables for
meeting with the special master and filing of reports and
briefs, the amended order relieved Mr. Willard from his
obligation to file a Rule 53(b)(3) affidavit and authorized him
to communicate ex parte with the Court on matters he was
empowered to act upon. Finally, the amended order reiterated
that the costs incident to the special master referral would be
shared - half by plaintiff and half by defendants (Doc. # 408).

On November 10, 2011, plaintiff filed objections to both this Court's amended appointment order and the District Court's order on her objections and requested the District Court to dismiss the entire case with prejudice so that the plaintiff could pursue her claims on appeal. As part of this motion, plaintiff informed "that she is financially unable to pay and will not pay 50% of the Rule 53 Special Master costs [and that] . . . . Class Counsel will not advance costs to pay for a Special Master under the District Court's November 9, 2011, existing Special Master Order." Pl.'s Objections and Request to Dismiss Case with Prejudice, p.1. (Doc. # 412). The District Court determined that entry of a Rule 58 judgment would be improper and denied plaintiff's request (Doc. # 421). Plaintiff then filed this Motion seeking Section 1292(b) Certification of eight questions:

> 1. Did the District Court err when it retroactively ratified the Magistrate Judge's Appointment Order?
>
> 2. Did the District Court err when it held that the Magistrate Judge 'substantially complied' with Rule 53(b)(2) when the record demonstrates that none of the requirements under that Rule were addressed?
>
> 3. Did the District Court err when it retroactively ratified Magistrate Judge's Appointment Order to: (1) Enforce the Magistrate Judge's Discovery Orders? (2) Enforce the Udren Defendants' Rule 54(b) Stipulation? (3) Determine general discovery Motions?

4. Did the District Court err when it retroactively ratified the Magistrate Judge's Appointment Order wherein it appears that that Order was entered as a punitive measure against Plaintiff for attempting to pursue her discovery rights and enforce prior Magistrate Judge discovery Orders?

5. Did the District Court err when it retroactively ratified the Magistrate Judge's Appointment Order under Rule 53(g)(3) and allocate the Special Master's costs 50/50 between Plaintiff and Wells Fargo and Goldman?

6. Did the District Court err when it retroactively ratified the Magistrate Judge's Appointment Order requiring Ms. Glover to pay substantial costs, in order to enforce her rights and the rights of the class under federal and state fee shifting statutes, enacted to provide economic incentives for parties to enforce these statutes which Congress considered, in light of the public interest involved, should be 'of the highest priority'?

7. Did the District Court err when it retroactively ratified the Magistrate Judge's conclu[sion] that were no District Judges or Magistrate Judges available that could effectively and timely interpret the Discovery Rules of Civil Procedure and apply those Rules?

8. Did the District Court err when it issued an Appointment Order under Rule 53, which effectively denied access to the Courts to all but the most wealthy citizens or entities?

Pl.'s Motion for Certification, pp. 2-3 (Doc. # 428).

B. <u>Discussion</u>

28 U.S.C. § 1292(b) sets forth the standard for granting an interlocutory appeal:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. §1292(b).

Before a non-final order is certified for interlocutory appeal to the courts of appeals, district courts must determine whether: 1) the order involves a controlling question of law; 2) a substantial ground for difference of opinion exists regarding the correctness of the decision; and 3) an immediate appeal may materially advance the ultimate termination of the litigation. Alexander v. Washington Mutual, Inc., Civil Action No. 07-4426, 2008 WL 3285845, at * 2, (E.D. Pa. August 4, 2008). Section 1292(b) should be "sparingly" applied, see Milbert v. Bison Laboratories, Inc., 260 F.2d 431, 433 (3d Cir. 1958), and the decision to grant certification is within the court's discretion, even if all three criteria are met. Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976); Knipe v. SmithKline Beecham, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008).

Glover's eight questions can be pared to two: did this

Court have the authority to appoint a special master and does the appointment order comply with the requirements of Fed. R. Civ. P. 53?

1. Magistrate Judge's Authority to Appoint Special Master

The primary legal question posed by plaintiff is whether a magistrate judge, in a matter referred under 28 U.S.C. 636(b)(1), is empowered to appoint a special master. A sub-question is whether this particular appointment order should be considered dispositive as it has the alleged impact of putting the plaintiff out of court because she cannot afford to pay fifty percent of the master's fees as ordered by this Court.

The plaintiff avers that this Court's appointment of a special master is unprecedented and the issue of its authority to order this appointment presents a controlling question of law.

A controlling question of law is one in which either (1) an incorrect disposition would constitute reversible error if presented on final appeal, or, (2) the question is "serious to the conduct of the litigation either practically or legally." In re Chocolate Confectionary Antitrust Litigation, 607 F.Supp.2d 701, 705 (M.D.Pa. 2009) (quoting Katz v. Carte Blanche Corporation, 496 F.2d 747, 755 (3d Cir. 1974)). "When

determining whether an issue presents a controlling question of law, the emphasis is on whether a different resolution of the issue would eliminate the need for trial." Alexander, 2008 WL 3285845, at *3.

There is no legal authority supporting plaintiff's position that a magistrate judge cannot appoint a special master. Additionally, such an appointment is hardly unique. We were readily able to find other incidents where magistrate judges, handling a case on a referral basis, appointed special masters, including one in this jurisdiction. In Marshall v. National Railroad Passenger Corporation, No. 06-1653, a case assigned to District Judge David Cercone and referred to Magistrate Judge Lisa P. Lenihan, Magistrate Judge Lenihan issued an Order Referring the Case to a Special Master (Doc. # 58). See also Sharp v. Town of Greece, No. 09-cv-6452, (W.D.N.Y.) (assigned to District Judge Michael Telesca, referred to Magistrate Judge Jonathan Feldman) Magistrate Judge Feldman's Order Appointing Special Master (Doc. # 90); High Point Sarl v. Sprint Nextel Corporation, 09-cv-2269 (D. Kansas) (assigned to district judge Carlos Murguia, referred Magistrate Judge David Waxse) Magistrate Judge David Waxse's Order Appointing Special Master (Doc. # 481).

In any event, the pertinent query here is not whether this Court could appoint a special master; rather, it is whether

the issue of the Court's authority presents a controlling question of law. The Court concludes that it does not. First, as noted, nothing supports plaintiff's position that a magistrate judge cannot appoint a special master; thus, it is dubious that the Court's actions in this regard would constitute reversible error. Second, even accepting that a decision that this Court acted de hors its legislated authority could constitute such error, or that the question of its appointment power is serious to the practical or legal conduct of the litigation, a different resolution of this issue would not eliminate the need for trial, a paramount concern in deciding if certification is appropriate.

Next, plaintiff has not demonstrated that there is substantial ground for difference of opinion on this question. "'Substantial grounds for difference of opinion exist where there is genuine doubt or conflicting precedent as to the correct legal standard.'" Hall v. Wyeth, Inc., Civil Action No. 10-738, 2010 WL 4925258, at *2 (E.D.Pa. December 2, 2010)(quoting Bradburn Parent Teacher Store, Inc. v. 3M, Civ. A. No. 02-7676, 2005 WL 1819969, at *4 (E.D.Pa. August 2, 2005)). Plaintiff has not called the Court's attention to any conflicting opinions on the issue of a magistrate judge's ability to appoint a special master. The Court posits that the scarcity of debate on this topic likely emanates from the

absence of doubt that a magistrate judge is thus empowered.

Third, it is almost inconceivable that certification of the question of a magistrate judge's authority to appoint a special master to the Court of Appeals could materially advance the ultimate termination of this already-protracted litigation.

It is likewise concluded that the issue of whether this Court's referral order is dispositive[3], and, therefore beyond its referral jurisdiction, is not certifiable. Even assuming that plaintiff has met the controlling question of law requirement, she has not identified any conflicting opinions on the issue. The cases cited by the plaintiff involve instances where the magistrate judge, acting pursuant to a reference, inappropriately issued dispositive rulings.[4] See <u>Vitols v. Citizens Banking Company</u>, 984 F.2d 168 (6th Cir. 1993)(magistrate judge did not have authority to certify matter to court of appeals); <u>Woods v. Dahlberg</u>, 894 F.2d 187 (6th Cir. 1990) (magistrate judge's order denying motion to proceed in forma pauperis, is functional equivalent of involuntary dismissal and

---

[3]    The Court questions whether plaintiff's counsel's decision not to advance the special master's costs, and not the Court's order, may put the plaintiff out of court.

[4] The Court does not find the discussion of a magistrate judge's authority to issue Rule 11 sanctions in the concurring opinions in <u>Kiobel v. Millson</u>, 592 F. 3d 78 (2d Cir. 2010) to have precedential value.

outside scope of magistrate's authority).  These cases, rather than exhibiting substantial grounds for difference of opinion, reveal unanimity on the question of a magistrate judge's limited authority when acting pursuant to a referral.

The specific question here, in contrast, is whether this Court's appointment order is dispositive because of the financial repercussions for the plaintiff.  As that inquiry concerns the particulars of the order, the Court is unpersuaded that a substantial ground for difference of opinion exists justifying interlocutory review.  Rather, plaintiff has expressed mere disagreement with the Court's discretionary decision to allocate the costs evenly between the parties.  Such a ruling does not constitute a substantial ground for difference of opinion.  See Morgan v. Ford Motor Company, Civil Action No. 06-1080,  2007 WL 269806, at *3 (D.N.J. January 25, 2007)(party stating difference of opinion with respect to court's discretionary findings does not constitute substantial ground for difference of opinion).

Finally, plaintiff cannot satisfy the third requirement that certification of this question would materially advance the ultimate termination of this matter.

### 2. Deficiencies in the Appointment Order

Much of plaintiff's argument supporting certification of the special master appointment question concerns alleged

deficiencies in the order itself and its failure to conform to the requirements of Fed. R. Civ P. 53. The Court is of the opinion that the content of its November 9, 2011 Amended Order Appointing Special Master rests on discretionary grounds and, as such, does not involve "a controlling question of law as to which there is a substantial ground for difference of opinion". Katz, 496 F. 2d at 754. See also Pereira v. Foot Locker, Inc., Civil Action No. 07-CV-2157, 2010 WL 300027, at *2 (E.D.Pa. January 25, 2010)(citing Link v. Mercedes-Benz of North America, Inc., 550 F.2d 860, 862 (3d Cir. 1977) (Third Circuit generally does not follow policy of accepting interlocutory appeal from actions grounded in discretionary power of district court).

The Court need not belabor the point that certification of questions concerning the discretionary components of its appointment order will not advance termination of this matter.

III. Conclusion

For the reason stated, it is respectfully recommended that the Plaintiff's motion for certification (Doc. # 428) be denied.

Within the time limits set forth in the attached notice of electronic filing, any party may serve and file written objections to the Report and Recommendation Any party opposing the objections shall have fourteen (14) days from the

date of service of the objections to respond thereto.  Failure

to file timely objections may constitute waiver of any appellate

rights.



Dated:  February 16, 2012        Respectfully submitted,

                                 s/Robert C. Mitchell
                                 Robert C. Mitchell
                                 United States Magistrate Judge