## UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Mary E. Glover, individually and on behalf of other similarly situated former and current homeowners in Pennsylvania,<br>　　　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>Wells Fargo Home Mortgage, Goldman Sachs Mortgage Company, Mark J. Udren, Udren Law Offices, P.C.,<br>　　　　　　　　　　　　　　Defendants. | 2:08-CV-00990-DWA-RCM |

### SUPPLEMENTAL FED. R. CIV. P. 54(B) ORDER

The Plaintiffs and Defendant Mark J. Udren and Udren Law Offices, P.C., have applied for a Fed. R.Civ.P. 54(b) final certification order expressly directing the entry of final judgment on the April 19, 2011 Order of this Court, which Order, with exceptions not applicable here, adopted the Magistrate's March 14, 2011 Report and Recommendation. For the reasons set forth below, a court, under Fed.R.Civ. P. 54(b), may certify claims involving fewer than all parties as final after making an express determination that there is no just reason for delay. Pursuant to Fed.R.Civ.P. 54(b), this Court has considered the questions relevant to a Fed.R.Civ.P. 54(b) determination and has determined "that there is no just reason for delay." In addition, the court had determined that its order is final and ready for appeal. *See Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 364 (3d Cir. 1975) and *Elliot v. Archdiocese of New York*, 2012 WL 2099684 (3d Cir. June 12, 2012). This Court's determination "that there is no just reason for delay" is based upon a consideration of the factors identified in *Allis-Chalmers* and in *Elliot*. In this connection, with respect to the Third Circuit's *Allis-Chalmers* factors, as highlighted in *Elliot*, the following facts are found to exist in this case:

- There are no "set-offs" at issue; (See, factor 1)

- There would be no unadjudicated Udren Defendant claims remaining for disposition by the District Court, because all such claims will either be appealed or dismissed; (See, factor 2)

- There will be no need for further District Court review or mootness concerns arising from future developments with respect to the Udren Defendants, Wells Fargo or Goldman proceedings if the Plaintiffs and the Udren Defendants proposed Fed.R.Civ.P. 54(b) final certification order is signed. (See, factor 3)

- The claims requested to be certified as "final" present pure questions of statutory law, and it is exceptionally unlikely that the statutory questions would need to be adjudicated a second time. Instead, the doctrine of *stare decisis* would control. (See, factor 4) [Note: that the dismissed Udren Law firm claims – for which no Fed.R.Civ.P. 54(b) final certification is requested — will be voluntarily withdrawn and re-filed in state court, to be decided in that forum];

- Finally, as to the fifth and final factor, the Plaintiffs and the Udren Defendants have made certain representations to this Court that the Court determines are correct and fully adopts. Those representations include that the Udren Defendants agreed at the outset that the separation of the Udren related claims from the Wells Fargo and Goldman claims, makes sense when considering such pragmatic factors as "delay," "economics," "time of trial", and "expense", etc. See, the Udren's earlier motion to sever under Fed.R.Civ.P. 17 (Documents 239 and 240) and Plaintiffs' response thereto, (Document 243) agreeing in principle with the laudatory goals of separating the Udren Defendants' claims from the claims of Wells Fargo and Goldman. Plaintiffs, therefore, limited their opposition to the proposed form of the Udren Defendants severance order which was perceived by them to be incomplete, and/or prejudicial to the Plaintiffs' rights. Plaintiffs, however, fully agree with the Udren Defendants' underlying goal to separate the claims against the Udren Defendants from the Wells Fargo and Goldman claims. The Parties agree that the Udren Defendants claims are on a completely different track than the Wells Fargo claims under Fed.R.Civ.P. 26 and Fed.R.Civ.P. 16. In fact, the Udren Defendants have not even participated in any Fed.R.Civ.P. 26(f) conference or exchanged e-mail search terms, etc.

It is the intention of this Court by detailing its reasoning under *Allis-Chalmers* that it has exceeded its understanding of the findings that are required under Fed.R.Civ.P. 54(b), as interpreted by *Elliot*.

> ...*Allis-Chalmers* sets upon the district courts a far more significant burden, and, if a district court complies with it and sets forth a statement of reasons for its Rule 54(b) certification, it is a near certainty that the order will contain by virtue of that discussion, an express determination that there is no just reason for delay.

*Elliot*, at *14. In so holding, the Third Circuit has provided that the Fed.R.Civ.P. 54(b) term "there is no just reason for delay" is not a talismanic phrase and that the Court may state that is has used language that is of "indisputably similar effect." *Id.*, at *11, citing and quoting *Berckeley Inv. Grp., Ltd. v. Colkitt*, 259 F.3d 135, 141 (3d Cir. 2001). Therefore, the Court would likewise conclude that "there is no just reason for entry of judgment" as to the claims identified below and, moreover, that there is "no legitimate reason for delaying entry of final judgment." *Id.*, at 14.

It is further noted that Plaintiffs and Mark J. Udren and the Udren Law Offices, P.C. have consented to a Fed.R.Civ.P. 54(b) final certification.

FOR THE REASONS SET FORTH ABOVE, it is ordered that supplemental final judgment be entered on the Court's April 19, 2011 Order to permit Plaintiffs to take an appeal of the dismissed claims against attorney Mark J. Udren with respect to Counts XII, XIII, XIV, XVI and XVII.

IT IS FURTHER ORDERED that supplemental final judgment be entered to permit Plaintiffs to take an appeal of the dismissed claims against the Udren Law Offices, P.C. on Counts XII, XIII, and XIV.

The purpose of the above-referenced supplemental final judgment is to permit an immediate appeal from the dismissal of those counts.

FINALLY, IT WAS ORDERED that the remaining counts in the Second Amended

Complaint against the Udren Law Offices, P.C., Count XVI and XVII were dismissed without prejudice. That claims were re-filed in state court as contemplated and dismissed with prejudice by the trial judge. *See Glover v. Udren*, GD-11-018015 (Allegheny County), Document 16. An appeal was timely filed and is pending at 938 WDA 2012 (Superior Court).

BY THE COURT:

*[signature]*

AMBROSE, J.