IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
MARY E. GLOVER,                      )
individually and on behalf           )
of other similarly situated          )
former and current                   )
homeowners in Pennsylvania,          )
                                     )
            Plaintiffs,              )
                                     )   Civil No. 08-990
            v.                       )
                                     )
MARK J. UDREN, UDREN LAW             )
OFFICES, P.C., WELLS FARGO           )
HOME MORTGAGE, GOLDMAN SACHS         )
MORTGAGE COMPANY                     )
                                     )
            Defendants.              )
```

MEMORANDUM ORDER

The protracted history of this litigation (to date, the docket entries number 534) has previously been chronicled by this Court and the District judge. Accordingly, only a brief summary is required to address the recently-filed motions that are the subjects of this memorandum order.

Numerous discovery disputes led to the appointment of a special master to handle discovery. Plaintiff vehemently opposed the special master appointment, including filing a Petition for Writ of Mandamus in the Court of Appeals for the Third Circuit.

After the mandamus petition was denied, on September 24, 2012, we conducted a Status Conference at which time Glover's counsel stated that he was not going to proceed before

1

the Special Master. The Minute Entry docketed at the conclusion of the conference noted that no motions for discovery or amended briefs would be re-filed (Doc. # 469).

On October 2, 2012, Glover filed a Motion for Class Certification, defining the class as follows:

> [A]ll former or current homeowners who obtained residential financing from WaMu Bank and/or WaMu Home Loans, secured by a first mortgage on property located within the Commonwealth of Pennsylvania (sometimes referred to as "Homeowners"). This class includes Homeowners who made monthly payments to WaMu Bank, Washington Mutual Home Loans, or Defendant Wells Fargo on or after July 29, 2003 where:
>
> a. A mortgagee/mortgagor relationship existed between WaMu Bank and/or WaMu Mutual Home Loans and the Homeowner; and
>
> b. That relationship arose out of a first mortgage on residential property located in Pennsylvania; and
>
> c. The Notes or Mortgages serviced by WaMu Home Loans and/or WaMu Bank were thereafter assigned to Defendant Wells Fargo; and
>
> d. The mortgagor made one or more payments to Wells Fargo for his or her loan.

(Doc. # 483).

However, on November 2, 2012, Glover filed a Motion to Certify a Limited Class of Homeowners (Doc. # 495). Glover defines the limited class as consisting of:

> [A]ll former or current homeowners who

obtained financing[1] secured by a fist mortgage on property located within the Commonwealth of Pennsylvania . . . wherein foreclosure charges, liens and/or collections were made by Defendant, Wells Fargo (and/or by WaMu in loans wherein servicing was later transferred to Wells Fargo), including, but not limited to homeowners that were named as defendants in foreclosure actions filed by the Udren Law Offices . . . on behalf of [WaMu] and/or Wells Fargo. The class excludes a sub-class of Homeowners wherein no demands for foreclosure fees and costs have been made in the past six (6) years since the filing of Ms. Glover's state complaint. This includes a sub-class of homeowners where Goldman purchased the notes and mortgages or otherwise acquired an interest in the notes or mortgages.

(Doc. # 495).

Glover contends that these limited class allegations can be proven by reference to public documents, obviating the need for a special master. The public documents are foreclosure complaints filed in courts of common pleas in Pennsylvania that Glover alleges demonstrate that Wells Fargo, through its counsel and former party in this action, Udren Law Offices, P.C., uniformly charged, attempted to collect and/or collected unauthorized and/or illegal attorneys' fees (Doc. # 524).

Glover has filed additional motions related to her

---

[1] In Glover's reply brief, she informs that the limited class definition was intended to read: "[A]ll former or current homeowners who obtained financing *wherein the loan was originated by Washington Mutual* and secured by a fist mortgage on property located within the Commonwealth of Pennsylvania."

request to limit her class definition, including a motion to stay ruling on the pending motion for class certification (Doc. # 493), a motion to enforce our September 24, 2012 order (Doc. # 494), a request for judicial notice (Doc. # 524), and a motion for a class certification hearing (Doc. # 532). We deferred ruling on the motion to stay pending the completion of briefing on the instant motion and denied the motion to enforce (Doc. # 519).

For their part, Wells Fargo and GSMC filed motions for protective orders and motions to quash Plaintiff's Rule 30 (b)(6) notices of deposition (Doc. ## 514, 518). On December 11, 2012, it was ordered that Plaintiff was prohibited from taking the deposition of corporate representatives of Wells Fargo and GSMC and from serving any further discovery upon Wells Fargo and/or GSMC for the reason that discovery closed on September 24, 2012. We deferred ruling on whether Wells Fargo should be compelled to respond to Plaintiff's Second Set of Requests for Admissions. (Doc. # 520, 521).

Wells Fargo opposes the motion to certify a limited class on the grounds that it is improper, untimely, procedurally flawed and that Glover has failed to meet the requirements of Fed. R. Civ. P. 23. GSMC joins in Wells Fargo's response and submits the additional argument that the proposed limited class definition does not include GSMC within its allegations.

4

The Court agrees with defendants that Glover has relinquished her right to re-characterize her class definition. At the September 24, 2012 Status Conference, Glover rejected the opportunities to proceed before the special master and to file an amended brief on her class certification motion. The filing of this current motion contravenes both her representations at the conference and the minute entry entered after the conference.

The motion is further flawed by its untimeliness. The deadline for filing the motion for class certification was set for October 2, 2012. The public documents that purportedly support her revised class definition and of which she requests the Court to take judicial notice were available at that time.

For these reasons,

IT IS ORDERED that the Motion to Certify a Limited Class (Doc. # 495) is DENIED.

IT IS FURTHER ORDERED that the Motion to Stay Ruling the Motion for Class Certification, previously deferred, (Doc. # 493) is DENIED.

IT IS FURTHER ORDERED that Wells Fargo Motion for a Protective Order concerning Plaintiff's Second Set of Requests for Admissions, also previously deferred, (Doc. # 514) is GRANTED at this time. There is a split of authority on whether requests for admissions are discovery tools. See generally, RLA

Marketing v. Inc. v. WHAM-O, Inc., Civil Action No. 04-3442, 2007 WL 766351, at *5 (D.N.J. March 7, 2007).  However, it is clear that "the purpose of Requests for Admission is to expedite the trial by establishing certain material facts as true, thus reducing the number of issues for trial."  Duchesneau v. Cornell University, Civil Action No. 08-4856, 2010 WL 4117753, at *2 (E.D.Pa. October 19, 2010) (internal citations and quotations omitted).  Thus, Glover's requests for admissions to Wells Fargo are premature at this stage of the litigation.

IT IS FURTHER ORDERED that the Court will take judicial notice of the submitted foreclosure complaints solely as to the fact of their existence and only to the extent that they could be relevant to Glover's Motion for Class Certification.

IT IS FURTHER ORDERED that Glover's Motion for a Class Certification Hearing (Doc. # 532) is GRANTED, the date and time to be determined.

                            s/Robert C. Mitchell

                            Robert C. Mitchell
                            United States Magistrate Judge