IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY E. GLOVER,<br>individually and on behalf<br>of other similarly situated<br>former and current<br>homeowners in Pennsylvania,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>MARK J. UDREN, UDREN LAW<br>OFFICES, P.C., WELLS FARGO<br>HOME MORTGAGE, GOLDMAN<br>SACHS MORTGAGE COMPANY<br><br>　　　　　　Defendants. | Civil No. 08-990 |

## **REPORT AND RECOMMENDATION**

**I.　　Recommendation**

Presently before the Court for disposition is Plaintiff's, Mary Glover's, Motion to Certify two questions to the Court of Appeals for the Third Circuit pursuant to 28 U.S.C. §1292(b). For the reasons that follow, it is respectfully recommended that the motion for certification [ECF No. 569] be denied.

**II.　　Report**

The standard for granting an interlocutory appeal is set forth in 28 U.S.C. § 1292(b) and states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the

1

> ultimate termination of the litigation, he shall so state in writing such order.

28 U.S.C. §1292(b). Thus the statute requires that "a non-final order may only be certified for interlocutory appeal if the court determines that it: (i) involves a controlling question of law; (ii) for which there is substantial ground for difference of opinion; and (iii) which may materially advance the ultimate termination of the litigation if appealed immediately." *Aluminum Bahrain B.S.C. v. Dahdaleh*, 2012 WL 5305169, at *1 (W.D.Pa. Oct. 25, 2012) (collecting cases). Each of the elements must be satisfied for certification, and even if all the elements are satisfied, the ultimate decision to grant certification is within the district court's sole discretion. *See Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) *cert. den.*, 419 U.S. 885 (1974); *Hall v. Wyeth, Inc.*, 2010 WL 4925258, at *1 (E.D.Pa. Dec. 2, 2010); *L.R. v. Manheim Twp. Sch. Dist.*, 540 F.Supp.2d 603, 608 (E.D.Pa. 2008); *Alexander v. Washington Mut., Inc.*, 2008 WL 3285845, at *2 (E.D.Pa. Aug. 4, 2008); *Mitchell v. Axcan Scandipharm, Inc.*, 2006 WL 986971, at *1 (W.D.Pa. Mar. 13, 2006). "The party seeking interlocutory review has the burden of persuading the district court that exceptional circumstances exist that justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." *Premick v. Dick's Sporting Goods, Inc.*, 2007 WL 588992, at *2 (W.D.Pa. Feb. 20, 2007). Certification under section 1292(b) should be "sparingly" applied and only be employed in "exceptional cases." *Milbert v. Bison Lab., Inc.*, 260 F.2d 431, 433 (3d Cir. 1958).

Plaintiff seeks to certify two questions for interlocutory appeal. The first is:

> Where "all right, title, and interest" in a Mortgage loan, consisting of a Note and corresponding Mortgage establishing certain servicing obligations to borrower, are "[sold, transferred, assigned, set over, and conveyed] . . . without recourse . . . exclusive of the related servicing rights," is the party retaining "related servicing

rights" thereby invested with all contractual "servicing" obligations to borrower?

Mot. to Cert. [ECF No. 569] at 1-2. Plaintiff's second question for certification is:

> Where the District Court has previously determined a point of law with respect to one party in ongoing litigation (i.e., that the servicer, and owner of related servicing rights, is in no way an obligor under the loan contracts), can the court determine that another party is "entitled to judgment as a matter of law" based on a diametrically opposed determination of that same point of law (that the servicer, and owner of related servicing rights, own all servicing obligations under the loan contracts) without vacating the earlier, inconsistent ruling?

Mot. to Cert. [ECF No. 569] at 2.

a. Controlling Question of Law

A controlling question of law for section 1292(b) certification includes "every order which, if erroneous, would be reversible error on final appeal." *Katz,* 496 F.2d at 754. A question that "appears to be a controlling question of law" but nevertheless presents a question "about a court's application of the facts of the case to the established legal standards are not controlling questions of law for purposes of section 1292(b)." *Premick,* 2007 WL 588992, at *2 (citing *Kapossy v. McGraw-Hill, Inc.*, 942 F.Supp. 996, 1001 (D.N.J. 1996)). Legal questions "in which the exercise of the district court's discretion is necessarily intertwined with its understanding of the facts of the case" are not questions contemplated to fall within the purview of section 1292(b). *Kapossy*, 942 F.Supp. at 1001; *see also Premick*, 2007 WL 588992, at *2.

Plaintiff's first question challenges the court's determination that the agreement between Goldman Sachs and Washington Mutual established that the parties "expressly agreed that the mortgage servicing duties were not part of the purchase/assignment of the mortgage loan." 1/2/2013 Report and Recommendation [ECF No. 536] at 8. In making this determination, the court merely interpreted the contracts between the parties, and applied the facts of the case to

established contractual principles. As such, Plaintiff's first question is not a "controlling question of law" that necessitates certification for interlocutory appeal. The same is true for Plaintiff's second question; it does not posit a question of law, but rather is a restatement of the first question. Therefore, Plaintiff has not provided a "question of law" for section 1292(b) purposes.

    b. <u>Substantial Ground for Difference of Opinion</u>

The section 1292(b) "substantial ground for difference of opinion" standard is met "when there is genuine doubt or conflicting precedent as to the correct legal standard applied in the orders at issue." *Bush v. Adams*, 629 F.Supp.2d 468, 475 (E.D.Pa. 2009) (citing *Bradburn Parent Teacher Store, Inc. v. 3M (Minn. Mining & Mfg. Co.)*, 2005 WL 1819969, *2 (E.D.Pa. Aug. 2, 2005)). Mere disagreement with the district court's ruling does not suffice. *Snook v. Penn State Geisinger Health Plan*, 2002 WL 34463156, at *5 (M.D.Pa. March 4, 2002) ("[w]hile the [plainitffs] may not be content with our ruling, their unhappiness, without more, is no basis to allow an appeal"). The difference of opinion must involve "one or more difficult and pivotal questions of law not settled by controlling authority[,]" *Knipe v. SmithKline Beecham*, 583 F.Supp.2d 553, 599 (E.D.Pa. 2008) and the party has the burden of showing the "different courts have issued conflicting and contradictory opinions when interpreting a particular question of law." *Miron v. Seidman*, 2006 WL 3742772, at *3 (E.D.Pa. Dec. 13, 2006). *See also Davis v. State Farm Ins.*, 2013 WL 775524, at *4 (E.D.Pa. March 1, 2013) (denying section 1292(b) certification where plaintiff "put forth virtually no argument as to why there [were] substantial grounds for difference of opinion on the two issues and [had] offered no conflicting or contradictory opinions from other courts.").

Here, Plaintiff cites to <u>no</u> cases in support of her argument that there is a substantial

difference of opinion, and thus has failed to meet her burden of proof. Plaintiff simply disagrees with the Court's decision and is seeking reconsideration styled as a motion for section 1292(b) certification. Accordingly, her motion for section 1292(b) certification should be denied.

    c. <u>Material Advancement for the Termination of the Litigation</u>

The moving party must establish that certification of the appeal materially advances the ultimate termination of the litigation by considering "whether an immediate appeal would (1) obviate the need for a trial; (2) eliminate complex issues thereby greatly simplifying the trial; or (3) eliminate issues thus making discovery much easier and less costly." *Wheeler v. Beard*, 2005 WL 2108702, at *3 (E.D.Pa. Aug. 31, 2005). If however, certification has the effect of adding issues for trial, as opposed to clarifying or eliminating such issues, certification should not be employed. *See Orson, Inc. v. Miramax Film Corp.*, 867 F.Supp. 319, 322 (E.D.Pa. 1994).

In this case, even if the first two elements were met, section 1292(b) certification would not materially advance the termination of the litigation. This case is close to five years old with 583 docket entries as of this date, and has already incurred two failed interlocutory appeals initiated by Plaintiff. Despite any outcome of an interlocutory appeal, a trial is likely to occur between the parties on the issues that remain. Finally, discovery has concluded on all issues, a class certification hearing has been held, and the case is languidly yet assuredly approaching trial. Plaintiff has again not met her burden of proof demonstrating that certification would materially advance the ultimately termination of the litigation.

**III. Conclusion**

Accordingly, because Plaintiff has not shown that her issues present a controlling question of law, that there is substantial ground for difference of opinion and that an appeal would advance the ultimate termination of the litigation, it is respectfully recommended that

Plaintiff's Motion for Certification pursuant to section 1292(b) be denied.

Within the time limits set forth in the attached notice of electronic filing, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely object may constitute waiver of any appellate rights.

Dated: May 16, 2013

Respectfully submitted,

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

cc: all counsel of record via electronic filing