IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY E. GLOVER, individually and on behalf of other similarly situated former and current homeowners in Pennsylvania, | ) ) ) ) ) ) |
| Plaintiffs, | ) |
| | ) Civil No. 08-990 |
| v. | ) ) |
| MARK J. UDREN, UDREN LAW OFFICES, P.C., WELLS FARGO HOME MORTGAGE, GOLDMAN SACHS MORTGAGE COMPANY | ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

DONETTA W. AMBROSE, United States Senior District Judge.

This action was removed to this Court on July 14, 2008. The case was referred to United States Magistrate Judge Robert C. Mitchell for pretrial proceedings in accordance with Magistrate Judges Act, 28 U.S.C. § 636(b)(1) and Local Rule of Court 72.C and 72.D. Because the facts and applicable law are well known by the parties, the Court will not restate it here.

Plaintiff filed a motion for class certification on December 2, 2012 seeking certification of the following class:

> [A]ll former or current homeowners who obtained residential financing from WaMu Bank and/or WaMu Home Loans, secured by a first mortgage on property located within the Commonwealth of Pennsylvania (sometimes referred to as "Homeowners"). This class includes Homeowners who made monthly payments to WaMu Bank, Washington Mutual Home Loans, or Defendant Wells Fargo on or after July 29, 2003 where:

1

     a. A mortgagee/mortgagor relationship existed between WaMu Bank and/or WaMu Mutual Home Loans and the Homeowner; and

     b. That relationship arose out of a first mortgage on residential property in Pennsylvania; and

     c. The Notes or Mortgages serviced by WaMu Home Loans and/or WaMu Bank were thereafter assigned to Defendant Wells Fargo; and

     d. The mortgagor made one or more payments to Wells Fargo for his or her loan.

Sec. Am. Compl. [ECF No. 109] at ¶ 2. A class certification hearing was held on March 6, 2013. *See* 3/6/2013 Minute Entry [ECF No. 566].

The Magistrate Judge's Report and Recommendation filed July 18, 2013 recommended that Plaintiff's Motion for Class Certification be denied. *See* Rep. and Rec. [ECF No. 595]. Service of the Report and Recommendation was made on all parties. The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2, the parties had fourteen (14) days, until August 5, 2013 to file any objections. After a series of extensions of time to file such objections and responses, Plaintiff filed objections on September 3, 2013 [ECF No. 602], Defendant filed a Response on November 1, 2013 [ECF No. 617], and Plaintiff filed a Reply on November 26, 2013 [ECF No. 623].

Plaintiff objects to the Report and Recommendation for the following reasons: (1) Plaintiff was not permitted an adequate opportunity to conduct class discovery; (2) it was error for the Court to not permit her to limit the class; and (3) the proposed limited class proposed by Plaintiff should be certified.

Primarily, Plaintiff makes no attempt in her lengthy objections to object to the Report and Recommendation denying the class outlined *supra,* which is the subject matter of the present

motion and Report and Recommendation. Moreover, whether the proposed limited class is proper for class certification is not properly before this Court and will not be addressed.

Additionally, Plaintiff's objections concerning the alleged lack of discovery and denial of a limited class are not properly the subject matter of objections to a motion for class certification, and all objections are overruled.[1] Plaintiff's complaints to the alleged lack of discovery and proposal of a limited class have been addressed by the Magistrate Judge and this Court ad nauseam and this Court will not rehash Plaintiff's attempt to regurgitate her complaints here. For these reasons, all of Plaintiff's objections are overruled as not contrary to law or an abuse of discretion.

Accordingly, after a *de novo* review of the pleadings and documents in this case, together with the Report and Recommendation and pleadings thereto, the following Order is entered:

AND NOW, this 3rd day of December, 2013,

IT IS HEREBY ORDERED that Plaintiff's Motion for Class Certification [ECF No. 483] is denied.

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Robert C. Mitchell is hereby adopted as the Opinion of the District Court.

By the Court,

/s/Donetta W. Ambrose

The Honorable Donetta W. Ambrose
United States Senior District Judge

---

[1] In addition, the Court notes that Counsel for Plaintiff affirmatively asserted that he did not intend to proceed before the special master and was given the opportunity to file an amended class certification brief but failed to do so. *See* Memo. Order [ECF No. 537] at 5 ("At the September 24, 2012 status conference, Glover rejected the opportunity to proceed before the special master and to file an amended brief on her class certification motion.").