IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY E. GLOVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil No. 08-990 |
| v. | ) |
| | ) District Judge Donetta W. Ambrose |
| MARK J. UDREN, UDREN LAW | ) Magistrate Judge Robert C. Mitchell |
| OFFICES, P.C., WELLS FARGO | ) |
| HOME MORTGAGE, GOLDMAN | ) |
| SACHS MORTGAGE COMPANY | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

ROBERT C. MITCHELL, United States Magistrate Judge.

Presently before the court is Plaintiff's, Mary E. Glover's, motion to strike a declaration by Defendant's, Wells Fargo's, Vice President of Loan Documentation, Keaton C. Stoneking. Mot. to Strike [ECF No. 668]. Wells Fargo filed a motion for summary judgment on February 18, 2014 and attached Stoneking's declaration thereto in which he offered information regarding, *inter alia*, the servicing of Plaintiff's mortgage and note, plaintiff's loan modification agreement, foreclosure costs and attorney's fees, and escrow account disbursements. Plaintiff generally seeks to strike this declaration on the grounds that (1) it was based off of Stoneking's "belief" obtained "from information transmitted by a person with knowledge, in the course of regularly-conducted activity of an agent, officer, employee or person with knowledge[]" and not from his own knowledge; (2) the declaration is based off of documents not specifically identified or contradictory to those documents already disclosed; and (3) that the records relied upon are not qualified as business records. *See id.* at 1-7. Plaintiff's motion to strike is considered a non-dispositive motion and is properly decided by a magistrate judge. *See* Fed. R. Civ. P. 72(a).

1

Under Federal Rule of Civil Procedure 12(f), the "court may strike **from a pleading** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). A brief or declaration attached thereto is not a "pleading" for purposes of Rule 12(f). Fed. R. Civ. P. 7; *see also PG Pub. Co. v. Aichele*, 902 F.Supp.2d 724, 735 (W.D.Pa. 2012) (brief is not a pleading subject to a motion to strike); *Cowden v. BNSF Ry. Co.*, 2013 WL 5442952, at *2 (E.D.Mo. Sept. 30, 2013) ("Pursuant to Federal Rule of Civil Procedure 7(a), a declaration is not a pleading, and a motion to strike is therefore not applicable to the declarations[.]"). Therefore, Plaintiff's motion to strike Stoneking's declaration is denied on this ground. Additionally, the court notes that Plaintiff's arguments are more appropriately considered evidentiary issues, not matters which are redundant, immaterial, impertinent, or scandalous.[1]

**O R D E R**

**AND NOW**, this 23rd day of April, 2014, upon review of Plaintiff's motion to strike [ECF No. 668], it is hereby **ORDERED, ADJUDGED** and **DECREED** that said motion is **DENIED**.

By the Court,

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

cc: all counsel of record via CM/ECF electronic filing

---

[1] Additionally, although the court set forth a briefing schedule for Defendant to file a response to the motion to strike, such response is unnecessary for the court to consider given that plaintiff's motion to strike is improperly raised.