IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY E. GLOVER, <br><br> Plaintiff, <br><br> v. <br><br> MARK J. UDREN, UDREN LAW OFFICES, P.C., WELLS FARGO HOME MORTGAGE, GOLDMAN SACHS MORTGAGE COMPANY <br><br> Defendants. | Civil No. 08-990 <br><br> District Judge Donetta W. Ambrose/ Magistrate Judge Robert C. Mitchell |

## MEMORANDUM ORDER

DONETTA W. AMBROSE, United States District Judge.

This action was removed to this Court on July 14, 2008 and referred to United States Magistrate Judge Robert C. Mitchell for pretrial proceedings in accordance with Magistrate Judges Act, 28 U.S.C. § 636(b)(1) and Local Rule of Court 72.C and 72.D.

The remaining claims in the present action against Wells Fargo are as follows: (1) breach of contract (Count I); (2) unjust enrichment (Count IX); (3) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e(2)(a) and 1692f(1) (Count XI); (4) violation of the Pennsylvania Loan Interest and Protection Law ("Act 6"), 41 P.S. § 502 (Count XVI); and (5) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") "catch-all" provision, 73 P.S. § 201-2(4)(xxi) (Count XVII).

Defendant, Wells Fargo Home Mortgage ("Wells Fargo"), filed a motion for summary judgment on February 18, 2014. *See* Def.'s Mot. for Summ. J. [ECF No. 652]; Def.'s Br. in Supp. of Mot. for Summ. J. [ECF No. 653]. Plaintiff, Mary E. Glover, submitted her response on March 27, 2014 [ECF No. 666] and Wells Fargo submitted its reply on April 30, 2014. [ECF No.

1

697].

The Magistrate Judge issued a Report and Recommendation ("R&R") on May 22, 2014, and recommended that Wells Fargo's motion for summary judgment be granted in all respects "except for the limited issue surrounding Plaintiff's FDCPA claim arising after June 7, 2007," for which the magistrate suggested that issue be further briefed by the parties. *See* R&R [ECF No. 713] at 1-2. The factual and procedural background of this case and pertinent legal analysis are set forth at length in the Report and Recommendation and will not be repeated here; only the objections presently before the Court will be addressed. The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2, the parties had fourteen (14) days, by June 5, 2014, to file any objections to the R&R. After a series of motions for extensions of time to file objections and responses to the R&R, on June 12, 2012, Plaintiff submitted objections to the R&R [ECF No. 716], to which Wells Fargo responded to on July 18, 2014. [ECF No. 721]. Plaintiff was granted leave to file a reply, and did so on July 30, 2014. [ECF No. 727].

Plaintiff objects to the R&R for the following reasons: (1) the Magistrate Judge erred in finding the Wells Fargo was "bound only by paragraph 2 [sic] of the LMA [Loan Modification Agreement] (which binds the contractually defined lender to the modified terms), but not paragraph 3 [sic] (which binds the contractually defined lender to the unmodified terms of the original loan contracts)[;]" (2) the Magistrate Judge reversed "its earlier finding in determining that the relevant Note and Mortgage obligations with respect to servicing were never assigned to Goldman, were initially retained by WaMu, and were subsequently assigned to Wells Fargo[;]" (3) the Magistrate Judge failed to recognize a material issue of fact on Plaintiff's unjust enrichment claim; (4) the Magistrate Judge failed to recognize that, with respect to Plaintiff's

2

UTPCPL claim, Plaintiff "provided evidence for the proposition that Wells Fargo deceptively billed and collected liquidated charges that were not contractually authorized or legally due[;]" (5) the Magistrate Judge erred in relying upon the Pennsylvania Superior Court's decision in *Glover v. Udren Law Offices, P.C.*, 92 A.3d 24 (Pa. Super. 2014) ("Udren" or "Pennsylvania Superior Court decision") to grant summary judgment in favor of Wells Fargo on her Act 6 claim; and (6) Plaintiff's FDCPA claims do not require a showing of loss or damage, therefore, Wells Fargo's billing of foreclosure charges was a violation of Act 6 and the loan contracts and therefore is a violation of §1692e of the FDCPA. *See* Pl.'s Obj. [ECF No. 716].

The Court will address each objection in conjunction with its related claim.

*i. Breach of Contract*

Plaintiff objects to the Magistrate Judge's recommendation that summary judgment be granted as to her breach of contract claim because Wells Fargo should be bound by the terms set forth in the note and mortgage. *Id.* at 30-31. The Magistrate Judge found that because this Court previously held that Wells Fargo could not be held responsible for breaches arising from the note and mortgage, plaintiff could not raise this legal theory again, as it has been previously rejected. *See* R&R [ECF No. 713] at 8-14.

First, I reject Plaintiff's argument that Wells Fargo is bound by the terms of the note and mortgage because, as rejected by the Magistrate Judge, this legal theory has been previously rejected and will not be revisited here. *See* R&R [ECF No. 166] at 7-10 *adopted by* Memo. Order [ECF No. 199] ("Wells Fargo cannot be held liable for breaches arising from the original contract, *i.e.*, the mortgage and note, between [WaMu] and Glover. . . . However, to the extent that the allegations of the complaint concern Wells Fargo's contractual obligations arising from the January 4, 2008 loan modification agreement, Glover has pled a cognizable breach of

3

contract claim[.]").

Plaintiff also argues that this holding was superseded by the Court's opinion granting summary judgment in favor of Goldman, but provides no legal basis for this contention. As set forth by the Magistrate Judge, while a servicer and lender may operate within the confines of the same legal documents, the legal implications and obligations that these entities owe to the loan borrower are distinct. It is undisputed that Wells Fargo always operated as Plaintiff's loan servicer, not as Plaintiff's lender. *See id.* at 12.

Next, I reject Plaintiff's argument that Wells Fargo is bound by the note and mortgage by the integration clause set forth in the loan modification agreement. As explained by the Magistrate Judge,

> This Court has previously determined that Wells Fargo was not a party to the note and mortgage and cannot be held liable for breaches of such. . . . Most tellingly, Plaintiff supplies this Court with no legal basis for the proposition that a servicer becomes a lender and subject to the terms set forth in the note and mortgage simply because it has referred to itself as a lender in the loan modification agreement. Wells Fargo at no point became independently obligated as a lender under Plaintiff's note and mortgage. Plaintiff cannot back her way into imposing liability on Wells Fargo for breaches of the note and mortgage when Wells Fargo was not a party to those documents in the first instance, no rights or obligations were assigned to or assumed by Wells Fargo, and this Court has previously dismissed any and all claims with prejudice that Wells Fargo was liable for a breach of the note and mortgage.[6]
>
> > [6] Even if Plaintiff provided this Court with the tenable legal argument that parol evidence should be introduced to explain the ambiguous terms of the loan modification, . . . such [an] argument fails because all record evidence shows that, for the operative time period, Goldman was Plaintiff's lender. It would be absurd for this Court to conclude that a loan modification agreement between a mortgagor and servicer acts as an assignment of rights, implied or otherwise, to

4

> transform a servicer into the lender. . . . [A]t no time did Wells Fargo independently become contractually obligated under Plaintiff's note and mortgage.

*Id.* at 13-14.

Plaintiff argues that "[d]espite this Court's original determination that Wells Fargo was not an assignee to the original loan contracts, in granting summary judgment to Goldman this Court subsequently determined that Wells Fargo, and not Goldman, was in fact an assignee to all obligations under the original loan contracts related to servicing." Pl.'s Obj. [ECF No. 716] at 29.

Plaintiff's argument does not bind Wells Fargo to the terms set forth in the original note and mortgage to have those provisions operate as a contract between her and Wells Fargo. This Court held that as to the servicing of plaintiff's loan, Wells Fargo was obligated to Glover to service her loan pursuant to the terms of the Goldman/WaMu servicing agreement. Goldman Mot. for Summ. J. R&R [ECF No. 536] at 18-19, *adopted by* Memo. Order [ECF No. 565]. Contrary to Plaintiff's assertion, this Court has never held that Wells Fargo was assigned any part of or was obligated by the original note or mortgage. It has simply been found that Wells Fargo was obligated to Plaintiff to service her loan pursuant to the servicing agreement and bound by the terms set forth in the loan modification agreement executed between Plaintiff and Wells Fargo on behalf of Goldman. *Id.* The record remains undisputed that there is no evidence of a breach under either of those contracts.

All other arguments set forth by Plaintiff do not adequately illustrate how the Magistrate Judge's findings are contrary to law or fact, and accordingly, Plaintiff's objections regarding the breach of contract claim are overruled as meritless.

   ii. *Unjust Enrichment*

The remaining viable legal theories on Plaintiff's unjust enrichment claim involve "the

improper collection and handling of escrow charges and the failure to adhere to RESPA provisions." R&R [ECF No. 713] at 14. Plaintiff now argues, for the first time in her objections, that she has properly supported an unjust enrichment claim for a payment made to Wells Fargo in connection with the loan modification agreement allegedly applied toward attorney's fees and foreclosure charges. Pl.'s Obj. [ECF 716] at 40.

As correctly pointed out by Wells Fargo, however, Plaintiff did not allege this legal theory on unjust enrichment in her Second Amended Complaint, and these were also not the grounds raised in the original briefing, or expounded by the Magistrate Judge. *See* R&R [ECF No. 713] at 15 ("Plaintiff's remaining claim against Wells Fargo for unjust enrichment includes the improper collection and handling of escrow charges and the failure to adhere to RESPA provisions.").

Just as Plaintiff may not amend her complaint through arguments in a brief in opposition to a motion for summary judgment, it follows that she may not do so through objections filed to a Report and Recommendation.[1] *See McMahon v. Salmond*, --- Fed. App'x ---, ---, 2014 WL 3805622, at *6 (3d Cir. Aug. 4, 2014) ("A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment."); *Jimenez v. Barnhart*, 46 Fed. App'x 684 (3d Cir. 2002) (a legal argument first made in "objections to the Magistrate Judge's Report and Recommendations, and not in [plaintiff's] opening brief" is deemed waived.).

---

[1] It must also be noted that plaintiff was given leave to amend her complaint a total of four times during the pendency of this litigation. R&R [ECF No. 713] at 5. Any argument that Plaintiff should be permitted to now amend her complaint approximately six years after removal could certainly not overcome this court's discretion to deny a motion to amend for undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies through previous amendments and undue prejudice to the opposing party. *See Merck & Co., Inc. v. Apotex, Inc.*, 287 Fed. App'x 884, 888 (Fed. Cir. 2008); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993); *USX Corp. v. Barnhart*, 395 F.3d 161, 166-67 (3d Cir. 2004).

6

Plaintiff does not otherwise object to the Magistrate Judge's recommendation to grant summary judgment in Wells Fargo's favor for her unjust enrichment claim. Therefore, Plaintiff's objections as to her unjust enrichment claim are overruled as meritless.

*iii. Act 6*

The Magistrate Judge recommended granting summary judgment in favor of Wells Fargo on Plaintiff's remaining Act 6 claim because it had been previously determined that there was no section 406 violation because Wells Fargo was not a residential mortgage lender as applied by that section and based upon the Pennsylvania Superior Court's decision in *Glover v. Udren Law Offices, P.C.*, 92 A.3d 24 (Pa. Super. 2014), Plaintiff is not entitled to any remedies under section 502, as that section is not a substantive cause of action. *See* R&R [ECF No. 713] at 17-25.

Plaintiff argues that this Court's previous finding that Wells Fargo was not a residential mortgage lender was superseded by the Court's grant of summary judgment as to all claims in favor of Goldman, Plaintiff's lender. Pl.'s Obj. [ECF No. 716] at 41.

Plaintiff's argument primarily fails to consider that she did not bring an Act 6 claim against Goldman, and no such claim has been adjudicated by this Court. *See* Sec. Am. Compl. [ECF No. 109] at 54 ("Defendants Wells Fargo And/Or Udren Violated The Pennsylvania Loan Interest And Protection Act By Collecting Prohibited Foreclosure-Related Attorney's Fees And Costs."). This Court did not make a disposition of any Act 6 claims against Goldman, therefore Plaintiff's argument that the Goldman opinion "superseded" the finding that Wells Fargo was not a residential mortgage lender under Act 6 is unavailing. The only claims that Plaintiff brought against Goldman and adjudicated by this Court in the summary judgment motion were Counts III-VIII: all separate breach of contract claims.

Plaintiff also argues that the Magistrate Judge erred in applying the Pennsylvania

7

Superior Court's decision in *Udren*, because it was not applicable or binding and it should have applied *In re Smith*, 866 F.2d 576, 586 (3d Cir. 1989) which she argues is binding and dispositive of this matter.

As explained in the R&R, *Smith* is inapposite to this case because the sections under Act 6 at issue in *Smith* differ from the sections implicated here. Moreover, in *Smith*, a substantive cause of action remained under section 403, whereas here, the substantive cause of action under section 406 has been dismissed such that there is no basis for a remedy under section 502. Additionally, the Magistrate Judge's reliance on the Superior Court's decision in *Udren* was proper and in line with *Fidelity Union Trust Co. v. Field*, 311 U.S. 169, 177-179 (1940) ("An intermediate state court in declaring and applying state law is acting as an organ of the State and its determination, in the absence of more convincing evidence of what state law is, should be followed by a federal court in deciding a state question.").

Accordingly, Plaintiff's objections as to her Act 6 claim are overruled as meritless.

*iv. FDCPA*

As an initial matter, the Magistrate Judge recommended temporarily denying Wells Fargo's motion for summary judgment as to the FDCPA claim insofar as it related to the alleged failure to withdraw the foreclosure complaint. Neither party objects to this finding. The parties are ordered to submit briefing consistent with the attendant order on this limited issue.

Plaintiff's remaining claims under the FDCPA fall under sections 1692f and 1692e. As explained by the Magistrate Judge:

> Plaintiff claims that Wells Fargo violated section 1692f by representing that Plaintiff "owed amounts [she] did not owe, including charges for, *inter alia*, unincurred and/or unreasonable attorney's fees and costs, excessive escrow charges, excessive interest charges, late fees for payments that were not late, and other unauthorized charges, including collection on foreclosure fees and

> charges." Sec. Am. Compl. [ECF No. 109] at ¶ 168. Additionally, Plaintiff claims that Wells Fargo violated section 1692e "by failing to correctly notify [Plaintiff] in its subsequent communications that it is a debt collector." *Id.* at ¶ 171.

R&R [ECF No. 713] at 26. The Magistrate Judge found that both of these claims failed because Plaintiff failed to come forward with evidence that Wells Fargo demanded or collected amounts that were not due in violation of section 1692f and that Plaintiff similarly failed to provide any evidence of a communication in which Wells Fargo did not identify itself as a debt collector in violation of section 1692e and only offered textbook bare assertions in support of her conclusions. *Id.* at 26-28. Plaintiff objects to this finding on the basis that the communication at issue is an amount of $1,492.29 demanded by Wells Fargo in the LMA transmittal letter and not the LMA itself as referenced by the R&R. Pl.'s Obj. [ECF No. 716] at 56.

This does not save Plaintiff's section 1692f claim from being dismissed at the summary judgment stage. Plaintiff still offers no evidence that the amounts were not owed or applied to any attorney's fees.

Additionally, Plaintiff's argument that the LMA "transmittal letter" is an actionable communication under the FDCPA, but provides no authority that a so-called "transmittal letter" is distinguishable from a loan modification agreement as not being considered an actionable communication under the FDCPA because it does not constitute a demand for payment. *See Nash v. Green Tree Servicing*, 943 F.Supp.2d 640, 656 (E.D.Va. 2013) (a loan modification agreement is not actionable under the FDCPA even where it causes plaintiff's "purported arrears to be added to her loan balance, along with the fees [the servicer] was attempting to collect" because such "letters [did] not demand payment, but simply allow[ed] plaintiff] one last opportunity to modify her loan through her lender.").

Accordingly, Plaintiff's objections as to her FDCPA claim are overruled as meritless.

9

*v. UTPCPL*

Lastly, Plaintiff objects to the Magistrate Judge's recommended grant of summary judgment in favor of Wells Fargo on her claim under the UTPCPL. The Magistrate Judge recommended that summary judgment be granted in favor of Wells Fargo for this claim because Plaintiff advanced no evidence of a deceptive act or justifiable reliance on that deceptive act.

Plaintiff provides four objections as to this finding: (1) the burden never shifted to plaintiff to produce evidence of her claim; (2) justifiable reliance does not need to be established under the catch-all provision of the UTPCPL; (3) a bill and payment of the bill is sufficient to show reliance; (4) she produced evidence of a deceptive act and reliance on that act. Pl.'s Obj. [ECF No. 716] at 48-55.

Plaintiff's first objection is rejected. As pointed out by Plaintiff, the summary judgment movant can show it is entitled to summary judgment "by demonstrating that the nonmoving party's evidence itself is insufficient to establish an essential element of its claim." *Id.* at 49 (quoting 10A Fed. Prac. & Proc. Civ. § 2727 (3d ed.)). That is exactly what Wells Fargo did here, and what the Magistrate Judge based his recommendation on. As explained in the Report and Recommendation: "The non-moving party, Plaintiff, bears the burden of establishing the essential elementals of her claim by bringing forth sufficient evidence in support thereof to survive summary judgment. In meeting this burden, the non-moving party may not rely on bare assertions or conclusory allegations. That is what Plaintiff does here." R&R [ECF No. 713] at 30. In making this argument, Plaintiff misinterprets a moving party's burden for summary judgment as a moving party is "not require[d] . . . to negate the elements of the nonmoving party's case." *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 885 (1990). Regardless, it is undisputed that Wells Fargo implemented the terms of the loan modification agreement and

10

serviced the loan in accordance with the loan modification agreement and servicing agreement.

As explained by the Magistrate Judge:

> Wells Fargo's concise statement of material fact as to this point states: "Wells Fargo implemented the [l]oan [m]odification per the terms set forth therein and pursuant to the Servicing Agreement with Goldman." Def.'s Concise Statement of Material Facts [ECF No. 654] at ¶ 16. Plaintiff responds: "Admitted, in part. The LMA [loan modification agreement] speaks for itself. The terms of the 2008 LMA are accurately set forth by Wells Fargo. The LMA does not incorporate or reference the Servicing Agreements. The Servicing Agreements integrate and interpret the Purchase Agreements, which are not in the record. It is not possible to interpret an agreement when only half of the agreement is in the record. The Servicing Agreements explicitly provides that servicing rights could not be transferred without fulfilling certain prerequisites which include obtaining auditing certificates and officer certificates. There are no transactional documents in the record linking Wells Fargo to the WaMu/Goldman servicing agreements." Pl.'s Resp. to Def.'s Concise Statement of Material Fact [ECF Nos. 667 and 678] at ¶ 16. Therefore, Plaintiff only disputes the applicability of the servicing agreements, and she admits that Wells Fargo implemented the loan modification pursuant to its terms.

R&R [ECF No. 713] at 11 n.5.

Next, while Plaintiff argues she need not show justifiable reliance, she provides no authority for this position and her argument is legally unsupported and therefore her objection is overruled. *See Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 222 (3d Cir. 2008) ("The Supreme Court of Pennsylvania has consistently interpreted the Consumer Protection Law's private-plaintiff standing provision's causation requirement to demand a showing of justifiable reliance[.]").

Additionally, Plaintiff has failed to show justifiable reliance, *i.e.*, how the allegedly illegal fees charged at the closing of the LMA would have altered her decision to enter into the loan modification. *See Laidley v. Johnson*, 2011 WL 2784807, at *3 (E.D.Pa. July 11, 2011) ("To show justifiable reliance a plaintiff must provide evidence demonstrating how his

knowledge of a mortgage loan's actual terms would have altered his decision to execute the mortgage."); *see also Slapikas v. First American Title Ins. Co.*, 298 F.R.D. 285, 295 (W.D.Pa. 2014) (merely demonstrating that the "amount listed was wrong" not enough to show justifiable reliance).

Lastly, Plaintiff still supplies no evidence of a deceptive act in her objections and only cursorily states that the "fees charged at the closing of the LMA" constituted a deceptive act. Pl.'s Obj. [ECF No. 716] at 50]. Plaintiff has supplied this Court with no evidence that the fees charged were not due or illegal. Plaintiff's objections as to her UPTCPL claim are overruled as meritless.

Accordingly, after a *de novo* review of the pleadings and documents in this case, together with the Report and Recommendation and pleadings thereto, the following Order is entered:

AND NOW, this _____ day of _____, 2014,

IT IS HEREBY ORDERED that Defendant Wells Fargo's motion for summary judgment [ECF No. 652] is granted in all respects except for the limited issue surrounding the FDCPA claim arising after June 7, 2007;

IT IS FURTHER ORDERED that Defendant shall file a supplemental brief on that limited issue within fifteen days, with Plaintiff to respond within fifteen days thereafter. Briefs are limited to fifteen (15) pages. The parties need not recount the factual averments in their supplemental briefing, as such facts are sufficiently set forth in the original briefs and the adopted Report and Recommendation;

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Robert C. Mitchell is hereby adopted as the Opinion of the District Court.

By the Court,

*[signature: Donetta W. Ambrose]*

The Honorable Donetta W. Ambrose
United States District Judge

cc: all counsel of record *via CM/ECF electronic filing*