IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY E. GLOVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 08-990 |
| v. | ) | |
| | ) | District Judge Donetta W. Ambrose |
| MARK J. UDREN, UDREN LAW | ) | Magistrate Judge Robert C. Mitchell |
| OFFICES, P.C., WELLS FARGO | ) | |
| HOME MORTGAGE, GOLDMAN | ) | |
| SACHS MORTGAGE COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

ROBERT C. MITCHELL, United States Magistrate Judge.

**I.      Recommendation**

On May 22, 2014, this Court entered a Report and Recommendation recommending that summary judgment be granted in favor of Defendant Wells Fargo on all of Plaintiff's remaining claims, except for a single legal theory under the Fair Debt Collection Practices Act ("FDCPA") claim. This Court recommended that this claim be temporarily denied and that further briefing was warranted. This recommendation was adopted by Memorandum Order dated September 2, 2014, and the Court ordered said briefing. Consistent with this Order, Wells Fargo submitted additional briefing on September 17, 2014 [ECF No. 729] to which Plaintiff filed a response on October 2, 2014. [ECF No. 730]. For the following reasons, it is respectfully recommended that Wells Fargo be granted summary judgment for the remaining FDCPA claim.

## II. Report

Because the factual and procedural backgrounds of this case were discussed extensively in the Report and Recommendation [ECF No. 713], adopted by Memorandum Order [ECF No. 728] and this report serves only as a supplement to the original Report and Recommendation, such facts will not be reiterated here. The remaining issue for discussion is whether Defendant Wells Fargo is entitled to summary judgment for Plaintiff's FDCPA claim for Wells Fargo's alleged failure to withdraw a foreclosure complaint filed by Washington Mutual (WaMu) in 2006 after Plaintiff and Wells Fargo entered into a Loan Modification Agreement ("LMA") in 2008.

Wells Fargo argues that it is entitled to summary judgment on any claim under 15 U.S.C. § 1692e(2) of the FDCPA ("Section 1692e(2)"), because Plaintiff did not plead such a claim against Wells Fargo in the Second Amended Complaint ("SAC") and even if Plaintiff had done so, such a claim is untimely and barred by the applicable statute of limitations. Def.'s Br. [ECF No. 729] at 9. Plaintiff responds that she did state a claim in the SAC against Wells Fargo for a violation of the FDCPA for its alleged failure to withdraw the foreclosure complaint, and that it is timely because it relates back to the original pleadings. Pl.'s Br. [ECF No. 730] at 5.

The pertinent provision of Section 1692e(2) prevents a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt[,]" including:

> (2) The false representation of –
>
> (A) the character, amount, or legal status of any debt; or
>
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

15 U.S.C. § 1692e(2)(A)-(B).

Specifically, Wells Fargo argues that Plaintiff did not set forth a specific violation against it under Section 1692e(2) in her second amended complaint – the operative complaint here, this claim was first set forth in Wells Fargo's response to summary judgment and because pleadings may not be amended through briefing, *Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988), Wells Fargo is entitled to summary judgment.

Plaintiff responds that the SAC relates back to the claims that she pled in the original state complaint. Specifically, Plaintiff argues that under the relation-back doctrine, "Wells Fargo was placed on notice to a potential FDCPA claim in the original state complaint, and is now governed by the operative pleading, the SAC." Pl.'s Br. [ECF No. 730] at 13. Plaintiff relies on the Court of Appeals for the Third Circuit's opinion in this matter involving another defendant, Udren Law Offices, for the proposition that "the Third Circuit explicitly acknowledged that the offending conduct [at issue here] was explicitly alleged against Wells Fargo." *Id*. at 14.

Plaintiff's reasoning in flawed. Primarily, the relation-back doctrine extends the limitations period where a claim was not filed in the original complaint, but a plaintiff later amends the complaint and includes a new claim in the amended pleading. *See Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004) (the relation back doctrine is used where the amendments "restate the original claim with greater particularity or amplify the factual circumstances surrounding the conduct[,]" and not omitting a previously raised claim from the amendment). If this new claim is based on a "common core of operative facts" set forth in the original complaint, then the claim is not barred by the statute of limitations because the defendant has been put on notice of the operative facts at issue and is not prejudiced by the inclusion of this claim. *Id*. Plaintiff erroneously applies this doctrine to argue that the original

3

state complaint sets forth a cause of action against Wells Fargo for a violation of Section 1692e(2) based on Wells Fargo's alleged failure to withdraw the foreclosure complaint after the LMA was entered into, such that the claim survives now through the SAC.

It is axiomatic that an amended complaint supersedes all other pleadings and "facts not incorporated into the amended pleading are considered *functus officio*." *West Run Student Housing Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 172 (3d Cir. 2013). An amended complaint invalidates any legal effect of the original complaint "unless the amended complaint specifically refers to or adopts the earlier pleading." *Id*. (quoting *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1504 (3d Cir. 1996)).

Therefore, the Court must review the SAC to determine whether Plaintiff adequately set forth a claim against Wells Fargo under Section 1692e(2) for its alleged failure to withdraw the foreclosure complaint. The entirety of Plaintiff's FDCPA claim against Wells Fargo in the SAC is set forth as follows:

> 57. As a result of the Loan Modification Agreement Defendant Wells Fargo and Ms. Glover entered into on January 4, 2008, WaMu Bank no longer had any interest in her indebtedness. Yet neither WaMu Bank nor Udren withdrew their Complaint and/or reduced their debt claim to evidence the substantial amount claims that Ms. Glover had repaid. The Foreclosure Complaint constituted a continuing misrepresentation to Ms. Glover and the public about a debt she allegedly owed WaMU Bank, but, in reality, no longer owed. The public record shows that WaMu Bank pursued a claim for well over $12,652.36 . . . but that, according to Wells Fargo's January 24, 2008 Agreement and Ms. Glover's payment history, was no longer due and owing to WaMu Bank.
>
> . . .

### COUNT XI

**Wells Fargo Violated the Fair Debt Collection Practices Act**

> . . .
>
> 167. This Count is brought against Defendant Wells Fargo as a debt collector for

Defendant Goldman under the FDCPA, 15 U.S.C. § 1692, *et seq*.

168. Defendant Wells Fargo violated the FDCPA by representing to Homeowners that they owed amounts they did not owe, including charges for, inter alia, unincurred and/or unreasonable attorney's fees and costs, excessive escrow charges, excessive interest charges, late fees for payments that were not late, and other unauthorized charges, including collection on foreclosure fees and charges. Defendant Wells Fargo violated the FDCPA by charging Homeowners for and/or collecting these improper charges.

169. Debt collectors that make false representations about the "character, amount or legal status of any debt" violate the FDCPA, § 1692e(2)(A).

170. Debt collectors that charge, attempt to collect or collect amounts that are not "expressly authorized by the agreement creating the debt or permitted by law" violate the FDCPA, §1692f(l).

171. Moreover, Defendant Wells Fargo violated the FDCPA by failing to correctly notify Homeowners in its subsequent communications that it is a debt collector. *See* FDCPA, § 1692e (requiring in "subsequent communication [a statement] that the communication is from a debt collector ... "). For one example, Defendant Wells Fargo sent a December 19, 2006 Monthly Mortgage Statement to Ms. Glover (Exhibit U) that did not tell her on the front side either that Defendant Wells Fargo was a debt collector or that the back side contained important information. One or the other is required.

172. Wells Fargo was attempting to collect a debt, as reflected on the front of its Monthly Statement which stated that "[f]oreclosure preparation has begun to protect our interest in the property. If you wish to retain ownership in the property, the loan must be brought current immediately. Please contact a loan representative at 1-800-222-0238 to discuss reinstatement of your loan." Exhibit U.

173. Wells Fargo's failure to identify itself as a debt collector on the front side or inform Ms. Glover that the back side contained this important information violated the FDCPA.

174. Moreover, Defendant Wells Fargo's monthly statement appears to be a communication from a mortgagee to a mortgagor, not from a debt collector to a debtor. On the right-hand side, under the bold, larger-typeset heading "Important Messages," the letter admonishes Ms. Glover that she must bring her loan current immediately to avoid foreclosure

. . .

176. The stark contrast between Defendant Wells Fargo's demand for immediate payment set forth on the front side under the "Important Messages" heading and the FDCPA notice squeezed into the middle of the final paragraph on the back side highlights the deficiencies in Wells Fargo's communication. Significantly, when

5

> Wells Fargo intended to communicate information effectively, it knew how to do so. It set forth its demand for payment on the front side, segregated under the bold, larger typeset heading, "Important Messages." It laid out the front page to ensure that the notice would be difficult for anyone to miss, and it even stated the notice in multiple languages.
>
> 177. In contrast, Defendant Wells Fargo placed the FDCPA notice in the bottom comer of the reverse side, in the middle of a paragraph of unrelated information, in relatively small typeset that was difficult to read.
>
> 178. Homeowners have suffered damages as a result of Defendant Wells Fargo's FDCPA violations, including, *inter alia,* payment of excess charges, deprivation of the use of their money, exposure to collections and foreclosure.

SAC [ECF No. 109] at ¶¶ 57, 167-178.

While Plaintiff includes the statutory citation to Section 1692e(2), she did not allege that Wells Fargo violated this section by failing to withdraw the foreclosure complaint after the LMA was entered into. By contrast, the entirety of Plaintiff's legal theory regarding the delayed withdrawal of the foreclosure complaint is set forth against Defendants Udren and WaMu. The SAC provides:

> 182. Defendant Udren violated the FDCPA by failing to withdraw its Foreclosure Complaint against Ms. Glover after she paid all (or virtually all of the claimed debt. . . . The Foreclosure Complaint, while on file as an open case, constituted a continuing representation to Ms. Glover (and the public) she owed a debt to WaMu Bank and/or WaMu Home Loans that in fact was not owed.
>
> . . .
>
> 186. The FDCPA was enacted in part to prevent "invasions of individual privacy." 15 U.S.C. §1692a. The Udren Defendants maintained their Foreclosure Complaint against Ms. Glover on the public record for twenty-two months after the debt had been paid (or virtually all paid) and thereby falsely represented to the public that during this 22-month period Ms. Glover owed a debt of over $12,652.36, which she did not owe.
>
> 187. An FDCPA debt collector that falsely represents "the amount, or legal status" of a debt in a public medium (like a court filing) is liable for that wrong under FDCPA, 15 U.S.C. § 1692e(2)(A).
>
> 188. The Udren Defendants publicly communicated false information in violation of 15 U.S.C. §§1692e and 1692f. In addition, 15 U.S.C. §1692e(8) prohibits "communicating or threatening to communicate to *any person* information which is known or should be known to be false .... " (Emphasis added).

189. Significantly, the FDCPA broadly defines "communications" to include conveying information to "any person." 15 U.S.C. §1692a(2).

190. In light of the January 4, 2008 LMA, the Udren Defendants knew (or at least recklessly disregarded) that the Foreclosure Complaint claim for the $12,652.36 plus debt was false.

WHEREFORE, Plaintiff-Homeowners respectfully request statutory damages, attorney fees and costs be awarded against the Udren Defendants for their FDCPA violations within the year preceding the date on which Ms. Glover's original Complaint was filed.

SAC [ECF No. 109] at ¶¶ 180-190.

While the SAC includes the facts surrounding the failure to withdraw the foreclosure complaint, Plaintiff did not attribute any FDCPA claim predicated upon these facts explicitly to Wells Fargo. The relation back doctrine only preserves such claims explicitly set forth in the amended pleading, not those included in an original complaint but thereafter omitted in subsequent amendments.

Additionally, Plaintiff's reading of the Court of Appeals opinion in this case is inaccurate. The Court of Appeals was determining whether a claim added in Plaintiff's amended complaint related back to the original complaint as it pertained to Defendant Udren. *See Glover v. F.D.I.C.*, 698 F.3d 139, 146 (3d Cir. 2012) ("whether the original complaint adequately notified the defendants of the basis for liability the plaintiffs would later advance in the amended complaint.") (citations omitted). In finding that Plaintiff did not adequately notify Defendant Udren of the basis for liability asserted against them in the amended FDCPA claim because it did not arise out of the factual occurrences set forth in the first pleading, the Court of Appeals found:

> Just as Rule 8(a) requires that a complaint be "presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the nature of the plaintiff's claim, *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990), Rule 15(c) cannot save a complaint that obscures the factual predicate and legal theory of the amended claim. . . . Pleadings are not like magic tricks, where a plaintiff can hide a claim with on hand, only to pull it from her hat

7

> with the other. Here, the facts alleged [in the original complaint] . . . appear entirely peripheral to the complaint's central allegations concerning WaMu and Wells Fargo's direct communications with [Plaintiff] and, even under the most generous reading, gave no suggestion that the Udren Defendants were culpable in any way for the conduct attributed to WaMu or Wells Fargo.

*Id*. at 147-48. The Court of Appeals was pointing out that the added FDCPA claim in the SAC against Defendant Udren did not relate back to the original complaint – as Plaintiff attributed that conduct to WaMu and Wells Fargo in the original complaint. Plaintiff did not however attribute the same conduct to Wells Fargo in her SAC, but only set forth her claim regarding the belated withdrawal of the foreclosure complaint against Udren. Additionally, the Court must note that Plaintiff has been granted leave to amend her complaint a total of four times in this case. *See* 7/14/2008 Notice of Removal [ECF No. 1] (the state court complaint); 10/17/2008 Amendment to Complaint [ECF No. 20]; 10/14/2009 Amended Complaint [ECF No. 48]; 12/4/2009 Substituted Amended Class Action Complaint [ECF No. 66]; 6/09/2010 Second Amended Class Action Complaint [ECF No. 109].

Accordingly, because these factual averments were not attributed to Wells Fargo's conduct, it is not proper to amend a pleading through briefing, and Plaintiff has been granted several attempts to amend her complaint and justice does not require that the Court grant such leave again, it is respectfully recommended that Wells Fargo's motion for summary judgment be granted. Additionally, because the Court finds that Plaintiff did not adequately preserve this claim against Wells Fargo, whether it is barred by the statute of limitations need not be discussed.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules pertaining to Magistrate Judges, the parties are permitted until October 31, 2014 to file written objections to this Report and Recommendation. Failure to do so

may waive the right to appeal. Any party opposing written objections shall have fourteen days after the service of such objections to respond thereto.

Dated: October 16, 2014

Respectfully submitted,

/s Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

cc: *via CM/ECF electronic filing system*

The Honorable Donetta W. Ambrose
United States District Judge
United States Courthouse

All counsel of record