IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY E. GLOVER, | ) |
| Plaintiff, | ) |
| | ) Civil No. 08-990 |
| v. | ) |
| | ) District Judge Donetta W. Ambrose/ |
| MARK J. UDREN, UDREN LAW | ) Magistrate Judge Robert C. Mitchell |
| OFFICES, P.C., WELLS FARGO | ) |
| HOME MORTGAGE, GOLDMAN | ) |
| SACHS MORTGAGE COMPANY | ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

DONETTA W. AMBROSE, United States Senior District Judge.

### I. BACKGROUND

This action was removed to this Court on July 14, 2008 and referred to United States Magistrate Judge Robert C. Mitchell for pretrial proceedings in accordance with Magistrate Judges Act, 28 U.S.C. § 636(b)(1) and Local Rule of Court 72.C and 72.D.

On May 22, 2014, the magistrate judge entered a Report and Recommendation ("R&R") recommending that summary judgment be granted in favor of Defendant Wells Fargo on all of Plaintiff's remaining claims, except for a single legal theory under the Fair Debt Collection Practices Act ("FDCPA") claim relating to the belated withdrawal of a foreclosure complaint against the property in question. The magistrate judge recommended that this claim be temporarily denied and that further briefing was warranted. This Court adopted the magistrate judge's recommendation by Memorandum Order dated September 2, 2014, and the Court ordered further briefing. Consistent with this Order, Defendant Wells Fargo submitted additional briefing addressing this issue on September 17, 2014 [ECF No. 729] to which Plaintiff responded

1

on October 2, 2014. [ECF No. 730]. The magistrate judge entered a supplemental R&R [ECF No. 731] on this limited issue and recommended that Defendant Wells Fargo be granted summary judgment for the remaining FDCPA claim. Plaintiff timely filed objections to the R&R on October 31, 2014 [ECF No. 732] to which Defendant responded on November 14, 2014. [ECF No. 734]. Additionally, Plaintiff submitted a motion to strike a portion of the R&R insofar as it alludes to the fact that Plaintiff has had several opportunities to amend her complaint to cure deficiencies. Pl.'s Mot. to Strike [ECF No. 733] at ¶ 4. The factual and procedural background of this case and pertinent legal analysis are set forth at length in the original Report and Recommendation, adopted by Memorandum Order, and will not be repeated here; only the objections and motion presently before the Court will be addressed. *See Glover v. Udren*, 2014 WL 4348078 (W.D.Pa. Sept. 2, 2014).

## II. DISCUSSION

### a. Motion to Strike

As a preliminary matter, Plaintiff's motion to strike is denied, as it is not based upon any legitimate legal principles, nor cites to any authority in support of her argument.

### b. Objection to the R&R

Plaintiff sets forth a multitude of objections to the R&R. Each objection is set forth below and for the following reasons, Plaintiff's objections are overruled.

The sole issue addressed in the R&R is whether Wells Fargo's failure to timely withdraw a foreclosure complaint filed by Washington Mutual ("WaMu") constituted a violation of the FDCPA, where Wells Fargo and Plaintiff entered into a loan modification agreement ("LMA") in 2008 and the foreclosure complaint was not automatically withdrawn.

Wells Fargo argues that Plaintiff never pleaded such a claim in her second amended

2

complaint ("SAC") and even if she did, the claim was untimely and barred by the FDCPA's one-year statute of limitations. *See* Wells Fargo's Br. in Supp. of Mot. for Summ. J. [ECF No. 729] at 9. Plaintiff responds that the SAC adequately states a claim against Wells Fargo for its alleged failure to withdraw the foreclosure complaint and the claim was timely because it related back to the original pleadings. See Pl.'s Resp. to Wells Fargo's Br. in Supp. of Mot. for Summ. J. [ECF No. 730].

The magistrate judge agreed with Wells Fargo and, after reviewing the applicable paragraphs in the SAC, found that Plaintiff did not attribute this conduct to Wells Fargo but rather Plaintiff explicitly attributed the non-withdrawal of the foreclosure complaint solely to WaMu and Udren.

First, Plaintiff objects to the R&R on the basis that Wells Fargo was placed on notice of the foreclosure-related FDCPA claim by paragraphs 57-59 and 168-170 of the SAC and that the recommendation did not properly consider these paragraphs in its analysis. Alternatively, Plaintiff argues that the SAC, when read in its entirety, inferentially places Wells Fargo on notice that Plaintiff was pleading these facts against it. Pl.'s Obj. [ECF No. 732] at 2-4.

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Each allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken together, Rules 8(a) and 8(d)(1) 'underscore the emphasis placed on clarity and brevity by the federal pleading rules.'" *Binsack v. Lackawanna Cnty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (quoting *In re Westinghouse Sec. Litig.*, 90 F.2d, 696, 702 (3d Cir. 1996)). The short and plain statement "must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon

which it rests.'" *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346, 125 S.Ct. 1627, 1634 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)).

None of the paragraphs cited by Plaintiff or otherwise set forth in the complaint explicitly attribute the non-withdrawal of the foreclosure complaint to Wells Fargo.[1] In contrast, as pointed out by the magistrate judge, Plaintiff explicitly attributes said conduct directly to WaMu and Udren. *See* R&R [ECF No. 731] at 6-7 (quoting SAC [ECF No. 109] at ¶¶ 182, 186-90). While Plaintiff's SAC purports to place notice of the facts of the foreclosure-related FDCPA claim against WaMu and Udren, it does nothing to place Wells Fargo on notice that these facts were being pleaded against it. Plaintiff also set forth separate FDCPA claims against Wells Fargo, none of which include any mention of Wells Fargo's failure to withdraw the foreclosure complaint. Likewise, Plaintiff's pleading by inference argument is also overruled, as Plaintiff has cited no law to support a "pleading by inference" standard and such a finding directly contravenes the notice standard set forth in Rule 8 and the "fair notice" requirement promulgated by the United States Supreme Court.

Accordingly, Plaintiff's objections to the R&R that she directly or inferentially pleaded that Wells Fargo violated the FDCPA by failing to withdraw the foreclosure complaint are overruled.

Next, Plaintiff objects to the R&R on the basis that Wells Fargo was on notice of this

---

[1] Paragraphs 57 to 59 of the SAC provide: "As a result of the Loan Modification Agreement Defendant Wells Fargo and [Plaintiff] entered into on January 4, 2008, WaMu Bank no longer has any interest in her indebtedness. Yet **neither WaMu Bank nor Udren withdrew their [foreclosure] Complaint** and/or reduced their debt claim to evidence the substantial amount claimed that [Plaintiff] had repaid. The Foreclosure Complaint constituted a continuing misrepresentation to Ms. Glover and the public about a debt she allegedly owed WaMu Bank, but, in reality, no longer owed. The public record shows that WaMu Bank pursued a claim for well over $12,652.36 . . . but that, according to Wells Fargo's January 24, 2008 Agreement and Ms. Glover's payment history, was no longer due and owing to WaMu Bank. . . . This constituted a form a 'double billing.' After repeated requests, the Foreclosure Complaint was belatedly withdrawn on March 25, 2009, twenty-two (22) months after the debt was (or at least substantially) paid. WaMu Bank, WaMu Home Loans, Defendant Wells Fargo and Defendant Udren have collected unlawful charges from Ms. Glover, including *inter alia*: (a) unincurred and unreasonable attorney's fees and costs; and (b) excessive and/or unauthorized escrow, interest, late charges, and other charges like attorney foreclosure fees and costs without court authorization." SAC [ECF No. 109] at ¶¶ 57-59 (emphasis added).

4

claim because it is vicariously liable for the acts of Udren, and because the claims were explicitly pleaded against Udren, Wells Fargo is "deemed" to have notice that the same facts are being pleaded against it. Pl.'s Obj. [ECF No. 732] at 3. Plaintiff cites to *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379 (3d Cir. 2000), *Perry v. Oxford Law, LLC*, 2012 WL 3731802 (E.D.Pa. Aug. 29, 2012), and *Flamm v. Sarner & Associates, P.C.*, 2002 WL 31618443 (E.D.Pa. Nov. 6, 2002) in support of her argument.

As a preliminary matter, Plaintiff has never alleged any agency theory of vicarious liability of Wells Fargo or any other party and cannot raise this legal theory for the first time in her objections to the R&R. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109 n. 9 (3d Cir. 2002) (a plaintiff may not effectively amend a complaint "through any document short of an amended pleading."); *Jimenez v. Barnhart*, 46 F. App'x 684, 685 (3d Cir. 2002) (issues raised initially in the objections to the magistrate judge's report and recommendation are deemed waived) (citing *Laborers' Int'l Union of N.A. v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)); *Schaffer v. A.O. Smith Harvestore Products, Inc.*, 74 F.3d 722, 731 (6th Cir. 1996) (summary judgment was appropriate against plaintiffs who did not allege a claim for vicarious liability in the complaint and raised it only on summary judgment); *Computer Aid, Inc. v. Hewlett-Packard Co.*, 56 F.Supp.2d 526, 537-538 (E.D.Pa. 1999) (same).

Additionally, Plaintiff's reliance on *Pollice*, *Perry* and *Flamm* are unavailing. *Pollice* and *Perry* merely stand for the obvious proposition that vicarious liability under the FDCPA will be imposed on a debt collector for the acts of its agent attorney, and not that a Plaintiff may plead vicarious liability at the summary judgment stage, or in objections to a R&R. *See Pollice*, 225 F.3d at 404; *Perry*, 2012 WL 3731802 at *3. While the court in *Flamm* permitted a theory of vicarious liability to proceed at the motion to dismiss stage without the plaintiff explicitly

pleading such a claim, the court permitted this because the plaintiff had pleaded enough facts against the particular parties to show an agency relationship between the parties. *Flamm*, 2002 WL 31618443 at *3-*4. Here, Plaintiff alleged no facts creating an agency relationship between Wells Fargo and Udren, or put Wells Fargo on notice of her attempt to hold Wells Fargo responsible for Udren's actions. To the contrary, Plaintiff explicitly pleaded the non-withdrawal of the foreclosure complaint against Udren and WaMu while explicitly setting forth different FDCPA claims against Wells Fargo. At no point in the SAC did Plaintiff attribute the acts of Udren as Wells Fargo's responsibility.

Lastly, Plaintiff argues that because Udren denied liability in its answer to the SAC and responded that any liability would be the responsibility of its "agent," somehow transforms Udren's response into an explicit claim of vicarious liability against Wells Fargo. Plaintiff's argument is puzzling at best. The denial of wrongdoing by one defendant in a responsive pleading does not automatically serve to set forth that same claim against another defendant. To find so would directly conflict with Rule 8 and the Supreme Court's jurisprudence.

Accordingly, Plaintiff's objections to the R&R that Wells Fargo is vicariously liable for Udren's acts are overruled.

Next, Plaintiff objects to the R&R on the basis that Wells Fargo was on notice that she was pleading the non-withdrawal of the foreclosure complaint against it because Plaintiff alleged that Wells Fargo "double-billed." Pl.'s Obj. [ECF No. 732] at 6-13 (quoting SAC at ¶ 57-59). To the contrary, paragraph 57 of the SAC, cited *supra*, merely alleges that Wells Fargo and Plaintiff entered into the LMA, and not that it failed to withdraw the foreclosure complaint. Additionally, paragraph 59 simply details the unlawful charges allegedly imposed by Wells Fargo and does not implicate Wells Fargo in the non-withdrawal of the foreclosure complaint.

The mere reference to "double-billing" does not transform Plaintiff's explicitly pleaded claim against WaMu and Udren for the non-withdrawal of the foreclosure complaint into a claim for said conduct against Wells Fargo simply because Wells Fargo was mentioned in the paragraph for purposes of factual background for the claim.

Accordingly, Plaintiff's objection to the R&R on the basis that by pleading that Wells Fargo "double-billed" Plaintiff, that she sufficiently pleaded Wells Fargo was connected to the non-withdrawal of the foreclosure complaint is overruled.

Accordingly, after a *de novo* review of the pleadings and documents in this case, together with the Report and Recommendation and pleadings thereto, Plaintiff's objections are overruled as not clearly erroneous or contrary to law, and the following Order is entered:

AND NOW, this 25th day of Nov., 2014,

IT IS HEREBY ORDERED that Defendant Wells Fargo's motion for summary judgment [ECF No. 652] is GRANTED in all respects;

IT IS FURTHER ORDERED that the Report and Recommendation [ECF No. 731] of Magistrate Judge Robert C. Mitchell is hereby adopted as the Opinion of the District Court;

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike the Report and Recommendation [ECF No. 733] is DENIED.

By the Court,

*Donetta W. Ambrose*

The Honorable Donetta W. Ambrose
United States Senior District Judge

cc: all counsel of record *via CM/ECF electronic filing*

7