IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY E. GLOVER,<br>　　　　Plaintiff,<br><br>v.<br><br>MARK J. UDREN, UDREN LAW<br>OFFICES, P.C., WELLS FARGO<br>HOME MORTGAGE, GOLDMAN<br>SACHS MORTGAGE COMPANY<br>　　　　Defendants. | Civil No. 08-990<br><br>District Judge Donetta W. Ambrose/<br>Magistrate Judge Robert C. Mitchell |

## MEMORANDUM ORDER

DONETTA W. AMBROSE, United States Senior District Judge.

On November 25, 2014, this Court entered a Memorandum Order adopting the Report and Recommendation of the magistrate judge and entered judgment pursuant to Federal Rule of Civil Procedure 58 in favor of Defendant Wells Fargo and against Plaintiff, Mary E. Glover. *See* Memo. Order [ECF No. 737]; Judgment [ECF No. 738]. On December 2, 2014, Plaintiff filed a motion to vacate the Order adopting the Report and Recommendation and Motion to Amend/Correct the record pursuant to Federal Rule of Civil Procedure 59(a)(2). *See* Motion to Vacate [ECF No. 739]; Motion to Amend/Correct Record [ECF No. 740]. Defendant Wells Fargo filed its response to Plaintiff's motions on December 8, 2014. *See* Def.'s Resp. [ECF No. 743]. Pursuant to the Order entered December 8, 2014, this Court will construe Plaintiff's motions pursuant to Federal Rule of Civil Procedure 59(e) as a Motion to Alter or Amend a Judgment. *See* 12/8/2014 Order [ECF No. 742].

The party moving to alter or amend a judgment under Rule 59 faces a difficult burden, as she must show that reconsideration is based on one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the

1

court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Schumann v. Astrazeneca Pharm., L.P.*, 769 F.3d 837, 848 (3d Cir. 2014) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Here, because Plaintiff argues that the magistrate judge made errors of fact throughout this case, the Court will view the motion under the third prong. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe*, 176 F.3d at 677. Of most importance here, a party attempting to set aside a judgment or moving for reconsideration under Rule 59 may not "relitigate issues already resolved by the court," *American Beverage Corp. v. Diageo, N.A., Inc.*, 2013 WL 4010825, at *1 (W.D.Pa. Aug. 6, 2013), nor may use Rule 59 "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Kaufman v. Allemang*, --- F.Supp.3d ---, ---, 2014 WL 4954333, at *10 (D.Del. Sept. 30, 2014); *Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D.Pa. 1993).

Here, Plaintiff requests that the Court temporarily vacate the Judgment entered on November 25, 2014 and correct certain factual inaccuracies in the record. *See* Motion to Vacate [ECF No. 739]; Motion to Amend/Correct the Record [ECF No. 740]. The factual inaccuracies cited by Plaintiff in her motion involve the magistrate's interpretation of case management over this case's tortuous procedural history.[1] It is unclear how any of Plaintiff's alleged factual

---

[1] As set forth in the headnotes of Plaintiff's motion, her factual inaccuracies include: "Ms. Glover did not have four years to four months to conduct discovery; discovery was open for only a small fraction of that time[;] . . . Ms. Glover vigorously pursued discovery during the period in which discovery was authorized by the magistrate judge[;] . . . The magistrate's special master referral was engendered by frustration with the parties not only with Ms. Glover[;] . . . [and] Ms. Glover did not categorically refuse to proceed before the special master[.]" *See* Mot. to Correct the Record [ECF No. 740] at 1, 3, 4, 7.

inaccuracies, or facts surrounding the management of this case in general, equate to material factual errors requiring that the judgment be altered or vacated. Accordingly, Plaintiff's motions are denied.

IT IS HEREBY ORDERED this 10th day of December, 2014, upon consideration of Plaintiff's Motion to Vacate the Order on Report and Recommendations, Order on Motion to Strike and Rule 58 Judgment [ECF No. 739] and Plaintiff's Motion to Amend/Correct the Record [ECF No. 740] and treated as motions pursuant to Federal Rule of Civil Procedure 59(e), that Plaintiff's Motions are DENIED.

*Donetta F. Ambrose*
The Honorable Donetta W. Ambrose
United States Senior District Judge

cc: All attorneys of record via CM-ECF